753 A.2d 807

COMMONWEALTH of Pennsylvania, Appellant,

v.

Eddie VASQUEZ, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 17, 1999.

Decided June 20, 2000.

---

Mark Pazuhanich, Dist. Atty., Brian Gaglione, Asst. Dist. Atty., Office of the Dist. Atty., for Com.

Jeffrey G. Velander, Thomas P. Sundmaker, Stroudsburg, for Eddie Vasquez.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NEWMAN, Justice.

The Commonwealth of Pennsylvania (Commonwealth) has appealed from the Order of the Superior Court, which reversed the trial court's imposition of sentence pursuant to the enhancement provisions in 18 Pa.C.S.A. § 7508. We reverse

the Order of the Superior Court, and remand for consideration of the Constitutional challenges raised, but not addressed.

## FACTS AND PROCEDURAL HISTORY

In June of 1997, Eddie Vasquez (Vasquez) was arrested and charged with delivering cocaine to an undercover officer on a number of occasions. At the time of his arrest, Vasquez had no prior convictions for drug offenses. A single criminal information was filed against Vasquez, charging him with various counts related to the delivery of cocaine. On January 6, 1998, Vasquez pled guilty to two charges related to separate drug transactions, one occurring on June 16, 1997, and the other on June 26, 1997. The Commonwealth filed a notice of intention to seek the mandatory sentence applicable to the case pursuant to 18 Pa.C.S.A. § 7508. The specific wording of the statute provides, in relevant part, that:

> (a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply: ...[I]f **at the time of sentencing the defendant has been convicted of another drug trafficking offense:** three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

18 Pa.C.S.A. § 7508(a)(3)(i)(emphasis added). The trial court sentenced Vasquez to one to two years on the first count for delivering cocaine and then applied the enhancement provision of Section 7508 to the second count, sentencing Vasquez to three to six years. Thus, Vasquez received an aggregate sentence of not less than four years with a maximum not to exceed eight years, and an aggregate fine of $15,000.00.

Vasquez filed a motion for reconsideration of his sentence, which the trial court denied. On appeal to the Superior Court, Vasquez raised three issues: one regarding the application of Section 7508 as applied to multiple convictions contained within the same criminal complaint and two constitutional challenges relating to "cruel and unusual punishment" and "sepa-

ration of powers." Addressing only the issue of statutory interpretation, the Superior Court reversed the trial court.[1]

## DISCUSSION

In this matter, we are called upon to determine whether a conviction within a multiple count complaint can be counted as a "prior conviction" such that the enhancement provision of Section 7508 applies. The Commonwealth argues that the statute unambiguously states that if at the time of "sentencing" the defendant has been "convicted" of another drug offense, the defendant's sentence is enhanced. *See Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994) and *Commonwealth v. Plass*, 431 Pa.Super. 251, 636 A.2d 637, *aff'd*, 539 Pa. 248, 652 A.2d 283 (1994). It is irrelevant that the prior conviction arises from one count within a multiple count complaint, or that the offenses are from a single arrest and charge. Vasquez counters that Section 7508 does not indicate that a defendant would be subject to an enhanced sentence because of a multiple count offense. Here, his guilty pleas occurred in the same proceeding, were a result of one warrant and one complaint for the sale of drugs to the same undercover officer. Vasquez argues that the case is distinguishable from *Plass* and *Williams* because in those cases there were two separate offenses, with two separate arrests. Vasquez also seems vaguely to imply that these two drug offenses are part of a single criminal episode and thus cannot be considered separate convictions for purposes of the enhancement statute. While Vasquez appears to argue that we should treat this single indictment and arrest as a single conviction for purposes of the enhancement statute, he does not present any record facts or any language in the statute to support this assertion.

His drug transactions were distinct in time, occurring ten days apart and requiring separate planning and execution.

---

1. The Superior Court noted that "[b]ecause of our conclusion that the sentence enhancement provisions of § 7508 are inapplicable to the present case it is not necessary that we attend [Vasquez's] constitutional challenges." 726 A.2d 396, 400 n. 9.

There is no evidence in the record before us that the transactions were contingent upon each other. They should not be treated as a single criminal act simply because the transactions involved sales to the same undercover officer. Thus, the facts properly support the conclusion that we are confronted with two convictions for two separate crimes, although contained within one indictment and one arrest. Moreover, even if we were to conclude that these transactions could be construed as a single criminal episode, the statute at issue specifically focuses on a defendant's prior "convictions" at the time of sentencing, and makes no distinction between convictions that arise from a multiple count complaint, or a separate complaint. We are bound by the unambiguous language of the statute and cannot read language into it that simply does not appear. 1 Pa.C.S.A. § 1921(b). The wording of the statute is unambiguous, and clearly requires that as long as *at the time of sentencing,* a defendant "has been convicted" of another qualifying "offense," the defendant shall receive the enhanced sentence.

■ Moreover, this matter is not significantly different from our decision in *Williams,* where the defendant committed a drug offense in November of 1988 and another drug offense in May of 1991. On October 11, 1991 Williams pled guilty to *both* offenses and was sentenced for both offenses on November 26, 1991. The issue raised in *Williams* was whether the defendant was subject to the enhanced sentencing provision of Section 7508, the same provision at issue here. We stated that:

> The legislation in question *contains no ambiguity* at all. It says that 'if at the time of sentencing the defendant has been convicted of another drug trafficking offense;' he must receive an enhanced sentence. Appellant asks that we interpret the word 'sentencing' in the statute to mean 'committing the offense for which the defendant is being sentenced,' so that the statute would read 'if, at the time of committing the offense for which the defendant is sentenced, the defendant has been convicted of another drug trafficking offense,' he must receive an enhanced sentence.

Appellant's request is beyond our power. *Where there is no ambiguity, there is no room for interpretation.* *Williams,* 652 A.2d at 285 (emphasis added). We find that the reasoning employed in *Williams* applies here. In *Williams* and the instant case, defendants pled guilty to two crimes, and the sentencing judge simultaneously imposed sentences for each conviction. Like *Williams,* we are confronted with the same legislation, which states that, "if at the time of sentencing the defendant has been convicted of another drug trafficking offense," he must receive an enhanced sentence. Section 7508(a)(3). Vasquez asks that we read the statute either to treat a multiple count complaint as one conviction or alternatively to require that his two offenses be separated by an intervening arrest. However, as we stated in *Williams,* this request is beyond our power. "Where there is no ambiguity, there is no room for interpretation." *Id.*

In this way, the statute is substantially similar to the federal enhancement provision applicable to crimes committed while using a firearm, set forth at 18 U.S.C.A. § 924(c)(1)(C). Section 924(c)(1)(C) states, in relevant part, that in the case of a "second or subsequent conviction under this subsection" a defendant "shall be" subject to an enhanced sentence. *Id.* In interpreting this section as it applies to convictions contained within a single criminal complaint, both the United States Supreme Court and the Court of Appeals for the Third Circuit have held that this provision makes no distinction between convictions contained within one indictment or arising from separate judgments. *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993); *United States v. Casiano,* 113 F.3d 420 (3d Cir.), *cert. denied,* 522 U.S. 887, 118 S.Ct. 221, 139 L.Ed.2d 155 (1997).

In *Deal,* the defendant was charged in one indictment for six armed robberies that he committed between January and April of 1990. The criminal complaint contained six counts and he was convicted on all of them. Pursuant to the provisions of Section 924(c)(1)(C), the Supreme Court concluded that the district court properly enhanced defendant's sentence for counts two through six because these convictions were

"subsequent convictions" pursuant to the unambiguous statute, even though they were contained in a single criminal complaint. 508 U.S. at 130–31, 113 S.Ct. 1993. In *Casiano*, defendants, in a single indictment, were charged with five felony counts arising from a single car jacking and kidnapping of a priest. Defendants pled guilty to all charges. The district court sentenced each of the defendants pursuant to the enhancement provisions of Section 924(c)(1)(C), concluding that two of the counts against them were "subsequent convictions." The Third Circuit affirmed and rejected defendants' argument that because the criminal course of conduct was continuous and involved the same victim, all of the counts were one criminal episode and thus, could not count as a second or subsequent conviction under Section 924(c)(1). In so holding, the Third Circuit stated that defendants:

> point to nothing in the language of the statute to support their statutory construction and our searching inquiry has uncovered no support for their position. The statute speaks in terms of 'convictions,' not criminal episode.
>
>    \*   \*   \*
>
> In order to adopt defendant's argument, we would have to limit the statutory language "second or subsequent" conviction to exclude a conviction that arises out of the same criminal episode involving the same victim. Defendants would have us insert words in the statute, which simply are not there.
>
>    \*   \*   \*
>
> Just as the Supreme Court in Deal declined to differentiate between convictions embodied in separate judgments and those embodied in separate charges in the same indictment, so also we cannot distinguish between criminal acts that occur over a period of time and/or affect various victims and those that result from the same course of criminal activity.

113 F.3d at 424.

Akin to the issue presented in *Deal* and *Casiano*, we can not read into the statute a requirement that is not present. No where in the unambiguous language of Section 7508 does the

statute require an analysis of when the convictions occurred or whether an intervening arrest occurred between the commission of these drug offenses. By placing either requirement into the statute, we would inappropriately change the relevant inquiry for the imposition of the enhancement. The statute could not be clearer that the sentencing judge looks back only from the time of sentencing to determine if there is a previous conviction that can be used to enhance the offender's sentence. The statute does not allow that judge to determine whether the convictions occurred within the same proceeding or whether the underlying offenses were punctuated by intervening arrests. Accordingly, we reverse the Order of the Superior Court and remand this matter to it for consideration of the constitutional challenges raised by Vasquez.

Justice CAPPY files a Concurring Opinion; Justice NIGRO files a Dissenting Opinion.

CAPPY, Justice, concurring.

I join in the opinion of the majority. I write separately to address the dissenting opinion.

I concur with the dissent when it expresses dissatisfaction with the sentencing enhancement provisions at 18 Pa.C.S. § 7508. Like the dissent, I believe that the legislative enactment at issue ignores the recidivist philosophy of sentencing in favor of a mechanical application of enhanced penalties, which serves merely to add increased jail time at the whim of the prosecuting authority. As a jurist, I believe sentencing is an individualized procedure wherein the sentencing judge must balance multiple factors before imposing sentence on the defendant, which reflect the nature of the crime, its impact on the community, the particular victim, and the degree of culpability of the defendant. That is why I, like most jurists, advance the recidivist philosophy, as it best reflects the need for focusing on the individual defendant's capability for rehabilitation when imposing sentence.

However, I am compelled to recognize that the legislature in its infinite wisdom has the authority to enact sentencing

schemes that reflect penal philosophies other than the recidivist philosophy. As this court acknowledged in *Commonwealth v. Williams,* 539 Pa. 249, 652 A.2d 283, 285 n. 1 (1994), there are other purposes to sentencing beyond individual deterrence and rehabilitation. Other recognized goals of sentencing include protection of society, general deterrence of criminal activity, and retribution. *Id.* In *Williams,* we examined the same statutory section at issue in this case, and found that the legislature left no ambiguity as to the clear intent to impose a mandatory enhancement without consideration of the recidivist philosophy. The dissent attempts to distinguish the holding in *Williams* by focusing on the distinct procedural postures of the two cases. In *Williams,* the defendant was arrested and indicted separately for two drug sales. He pled to both indictments on the same day and was sentenced on the same day. In the instant case, the defendant was charged in one indictment for four distinct drug sales occurring on different dates. I cannot agree that these distinctions impact the outcome regarding the application of the enhancement provision. The differences between these two cases are immaterial to discerning the nature of the penal provision at issue.

Accordingly, although I find the position of the dissent to be philosophically compelling, for the reasons stated herein, I am constrained to join the majority.

NIGRO, Justice, dissenting.

Because I disagree with the majority's conclusion that the enhancement provision of 18 Pa.C.S. § 7508(a)(3)(i) applies where a defendant's first and second convictions arise from a single arrest, I respectfully dissent.

The record indicates that Appellee sold cocaine to an undercover police officer on May 5, 1997, June 2, 1997 and June 16, 1997. Instead of arresting Appellee after any of these sales, the officer scheduled a fourth sale with Appellee and on June 25, 1997, he attested to these transactions in an affidavit of probable cause and requested an arrest warrant. On June 26, 1997, the officer purchased more cocaine from Appellee and

Appellee was arrested for all four drug sales that day. Appellee subsequently pled guilty to two counts on January 6, 1998.[1] As the majority notes, the trial court sentenced Appellee to one to two years on the first count (the June 16 th sale) and then applied § 7508(a)(3)(i), which enhances a defendant's sentence if he has been convicted of another drug trafficking offense at the time of his sentencing, to the second count (the June 26 th sale).

I cannot agree with the majority that the trial court properly applied § 7508(a)(3)(i) to the instant case since the "prior conviction" here was the charge arising from the sale on June 16 th. Rather, I believe that since the officer opted not to arrest Appellee after the first three illicit sales, as he clearly could have done, the enhancement in § 7508(a)(3)(i) should not apply. In my view, the enhancement provision should apply only to those defendants who have already been given an opportunity to be rehabilitated, which Appellee was clearly never given in the instant case.

In finding that the enhancement provision is applicable here, the majority relies on this Court's decision in *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283. *Williams*, however, is readily distinguishable. In *Williams*, the defendant committed the first offense on November 2, 1988 and was arrested. Two and one-half years later, on May 21, 1991, the defendant committed a second offense and was again arrested. Though the defendant was ultimately convicted of both offenses on the same day as a result of fortuitous circumstances, he clearly had the opportunity to be rehabilitated since he was arrested on two separate occasions, two years apart. Thus, it made sense to apply the enhancement provision to that situation. The circumstances in the instant case are significantly different. Here, the officer bought cocaine from Appellee on four separate occasions, and only arrested him after the last

1. Appellee's sales for all four dates were included in the criminal complaint but pursuant to Appellee's plea agreement, he only pled guilty to the sales on June 16 th and June 26 th.

transaction. Therefore, unlike in *Williams,* the police did not arrest Appellee after the first illicit sale, and consequently Appellee was never given the opportunity to be rehabilitated. Instead, after pleading guilty to both offenses on the same day, Appellee received the enhanced sentence. This outcome clearly undermines what I believe to be the purpose of § 7508(a)(3)(i).

Moreover, the majority opinion ignores the fact that after the first three sales (May 5th, June 2nd and June 16th), the police had sufficient probable cause to either (1) arrest Appellee during the commission of the crime or (2) obtain an arrest warrant for Appellee's immediate arrest. The police did neither. Instead, they set up another undercover buy, waited for Appellee to commit another crime, and only then did they arrest Appellee for the sales. While the majority holds that the enhancement provision is applicable to these circumstances, such a holding, in my view, risks endangering the public by allowing a known drug seller to continue selling drugs, thereby impacting the public at large. Moreover, this holding gives police the option of watching a person sell drugs numerous times before arresting the offender, solely for the purpose of making the enhancement provision applicable to the offender's sentence. This practice offers offenders no opportunity for rehabilitation and in effect, grants police the discretion to determine the length of an offender's sentence. Because I cannot agree that these were the intended consequences of § 7508(a)(3)(i), I must respectfully dissent.