**COMMONWEALTH OF PENNSYLVANIA,**
Appellee

v.

**Alan R. BELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2006.

Filed June 5, 2006.

Harry F. White, II, Meadville, for appellant.

Stuart B. Suss, Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: HUDOCK, MUSMANNO, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Alan R. Bell appeals the judgment of sentence imposed following his guilty

plea to three counts of Delivery of Cocaine in violation of the Controlled Substances Act, 35 P.S. § 780–113(a)(30). The trial court imposed sentence pursuant to the mandatory minimum prescribed by 18 Pa. C.S. § 7508(a)(3)(ii) for second and subsequent offenses, treating each count of the information as a separate offense for the purpose of sentence enhancement. Bell contends that the court erred in imposing the enhanced sentence because his first conviction had not resulted in a prior sentence. He argues accordingly that his conviction of subsequent counts under the same information could not be deemed recidivism subject to greater punishment under the sentencing statute. Although we recognize the logic of Bell's argument, we conclude that language of section 7508 requires affirmance of the sentence as imposed. Accordingly, we affirm the judgment of sentence.

¶ 2 This matter arose out of Bell's sale of cocaine on three occasions over a six-month period between March 12, 2004 and August 9, 2004. Bell sold 13.3 grams on March 12, 11.8 grams on June 14, and 13.5 grams on August 9. Following his arrest, Bell entered an open guilty plea, which the court accepted. On the first charge, the trial court, the Honorable Gordon R. Miller, P.J., sentenced Bell as a first time offender to a mandatory minimum of three years' incarceration. On the second and third charges, however, the court treated him as a "second or subsequent" offender, imposing enhanced sentences of five to ten years' incarceration as prescribed by section 7508(a)(3)(ii), to run concurrently with each other but consecutive to the sentence for the first offense. Accordingly, Bell's aggregate sentence totaled 8 to 20 years' incarceration coupled with substantial fines also prescribed by section 7508. Bell filed a motion for reconsideration of sentence, which the court denied, reasoning that the plain language of section 7508 mandated the sentence imposed. The court relied as well on our Supreme Court's holding in *Commonwealth v. Vasquez,* 562 Pa. 120, 753 A.2d 807 (Pa.2000), (*Vasquez I* ), which applied section 7508 as written and directed that the defendant be sentenced as a "second or subsequent" offender based on offenses charged in the same information. Trial Court Opinion, 10/5/05, at 3–4 (analyzing *Vasquez* ). Bell then filed this appeal, raising the following questions for our consideration:

I. Whether the [trial court] should have applied the enhanced sentence provision of 18 Pa.C.S.A. [§ ] 7508(a)(3)(ii)[?]

II. Whether the Defendant's sentence violates due process of equal protection laws[?]

Brief for Appellant at 11, 14.

¶ 3 Before proceeding, we pause to note our concern at Bell's failure to include in his brief a discrete Statement of the Questions Involved as required by Appellate Rule 2116. This rule requires unequivocally that such a statement be included in the brief of every appellant. *See* Pa. R.A.P. 2116(a) ("This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."). In some cases, the absence of a Statement of Questions involved has been deemed sufficient reason to deem waived issues that might otherwise have been presented. *See Commonwealth v. Fremd,* 860 A.2d 515, 524 (Pa.Super.2004). Nevertheless, because we are able to extract Bell's questions from the body of his brief, we proceed to the merits of his claims.

¶ 4 Bell's first question implicates the legality of the sentence the trial court imposed under 18 Pa.C.S. § 7508(a)(3)(ii).

Bell contends that because his guilty pleas all arose from charges framed in a single information that did not result in a prior conviction, the court erred in treating him as a "second or subsequent offender" for purposes of the mandatory minimum sentence. Brief for Appellant at 11. Bell argues that, in fact, the imposition of a heavier penalty without a prior conviction undermines the "recidivist philosophy," upon which mandatory minimum sentencing provisions for subsequent offenders are based. Brief for Appellant at 12–14 (quoting *Commonwealth v. Dickerson*, 404 Pa.Super. 249, 590 A.2d 766, 771 (1991)) (citation omitted) ("It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation … is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost."); *see also Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185, 195–96 (2005) (holding that sentencing enhancement under "Three Strikes Law" is proper only where the defendant's prior convictions are sequential and each is separated by an intervening opportunity to reform). The trial court recognized, however, that our Supreme Court has interpreted section 7508(a)(3)(ii) to require imposition of an enhanced sentence without reference to the potential for application of the "recidivist philosophy." *See* Trial Court Opinion, 10/5/05, at 2 (comparing *Vasquez I*, 562 Pa. 120, 753 A.2d 807 (2000) with *Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005)). Accordingly, the court followed *Vasquez I* and imposed the sentence at issue here. Upon consideration of both *Vasquez I* and *Shiffler*, as well as the sentence imposed, we find no error in the trial court's disposition.

¶ 5 The statutory provision at issue, 18 Pa.C.S. § 7508, provides for imposition of sentence for multiple drug offenses, in pertinent part, as follows:

§ 7508. Drug trafficking sentencing and penalties

(a) General rule.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\*　　\*　　\*　　\*　　\*　　\*

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves … shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\*　　\*　　\*　　\*　　\*　　\*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; *however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense:* five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

18 Pa.C.S. § 7508(a)(3)(ii) (emphasis added).

¶ 6 In *Vasquez I*, our Supreme Court interpreted a companion subsection, 18 Pa. C.S. § 7508(a)(3)(i), which mandates an en-

hanced sentence for convictions involving less than ten grams of cocaine "if at the time of sentencing the defendant has been convicted of another drug trafficking offense[.]" *See* 753 A.2d at 808–09 ("In this matter, we are called upon to determine whether a conviction within a multiple count complaint can be counted as a "prior conviction" such that the enhancement provision of Section 7508 applies."). This provision is identical to the one at issue here, differing only as to the amount of cocaine possessed (under ten grams as opposed to ten to one hundred grams). Applying the provision, the trial court imposed sentence following the defendant's conviction on a two-count indictment and treated the defendant's first conviction as *"another drug trafficking offense,"* triggering an enhanced sentence for the defendant's second conviction. *See id.* at 808. On appeal, a panel of this Court affirmed in part and reversed in part, citing the objectives of the "recidivist philosophy." *See Commonwealth v. Vasquez,* 726 A.2d 396, 399–400 (Pa.Super.1999) (*Vasquez II* ). The panel concluded that those objectives would not be advanced by imposition of an enhanced sentence to the second conviction of a two-count indictment. *See id.* After the Commonwealth sought allowance of appeal, our Supreme Court analyzed the provision as follows:

> [E]ven if we were to conclude that these transactions could be construed as a single criminal episode, the statute at issue specifically focuses on a defendant's prior "convictions" at the time of sentencing, *and makes no distinction between convictions that arise from a multiple count complaint, or a separate complaint.* We are bound by the unambiguous language of the statute and cannot read language into it that simply does not appear. 1 Pa.C.S.A. § 1921(b). The wording of the statute is unambiguous, and clearly requires that as long as *at*

*the time of sentencing,* a defendant "has been convicted" of another qualifying "offense," the defendant shall receive the enhanced sentence.

*Vasquez I,* 753 A.2d at 809 (first emphasis added). Accordingly, the Supreme Court reversed the order of this Court, reinstating the judgment of sentence as imposed.

¶ 7 In a concurring opinion, Mr. Justice Cappy, now Chief Justice, clarified the legislative intent underlying the sentence enhancement for second and subsequent offenders, recognizing that it was not motivated by the "recidivist philosophy." Justice Cappy acknowledged, however, that the enhancement remained viable nonetheless:

> Like the dissent, I believe that the legislative enactment at issue ignores the recidivist philosophy of sentencing in favor of a mechanical application of enhanced penalties, which serves merely to add increased jail time at the whim of the prosecuting authority. As a jurist, I believe sentencing is an individualized procedure wherein the sentencing judge must balance multiple factors before imposing sentence on the defendant, which reflect the nature of the crime, its impact on the community, the particular victim, and the degree of culpability of the defendant. That is why I, like most jurists, advance the recidivist philosophy, as it best reflects the need for focusing on the individual defendant's capability for rehabilitation when imposing sentence.

> However, I am compelled to recognize that the legislature in its infinite wisdom has the authority to enact sentencing schemes that reflect penal philosophies other than the recidivist philosophy. As this court acknowledged in *Commonwealth v. Williams,* 539 Pa. 249, 652 A.2d 283, 285 n. 1 (1994), there are other purposes to sentencing beyond individu-

al deterrence and rehabilitation. Other recognized goals of sentencing include protection of society, general deterrence of criminal activity, and retribution.

*Vasquez I,* 753 A.2d at 811. Consistent with our Supreme Court's analysis and the further clarification offered by Justice Cappy, we too acknowledge that the sentencing enhancements of section 7508 do not contemplate application of the recidivist philosophy.

¶ 8 As the trial court recognized here, the sentencing scenario in *Vasquez* is substantially indistinguishable from that in this case. Bell cites no authority that might allow us to interpret subsection 7508(a)(3)(ii) to apply the recidivist philosophy when our Supreme Court has interpreted a companion section of the same provision to pre-empt that philosophy. Bell's contrary argument, based on *Shiffler,* does not in any way alter that conclusion. *Shiffler,* like many of our Supreme Court's decisions, espouses the recidivist philosophy, applying it to Pennsylvania's "Three Strikes Law," 42 Pa.C.S. § 9714(a)(2). *See Shiffler,* 879 A.2d at 195. The Court went on to hold that the plain language of the Three Strikes Law provides for a graduated increase in penalties for subsequent offenses where the defendant has been previously convicted and punished but "is not susceptible to the reforming influence of the conviction process." *Id.* The Court concluded accordingly, "[w]e see nothing in the carefully graduated structure of Section 9714 to suggest that the General Assembly intended to require a sentencing court to simply skip a defendant's second strike and proceed to "call him out" by applying three strikes." *Id.*

¶ 9 As our Supreme Court has recognized, however, the graduated penalty structure of the Three Strikes Law is not evidenced in the language of section 7508.

Indeed, notwithstanding Justice Cappy's pointed observations in *Vasquez I,* the legislature has not amended the language of the applicable sections. Accordingly, we are compelled to conclude that the Supreme Court's opinion in that case provides an accurate interpretation of the legislative intent underlying the enhanced penalties those sections require for second and subsequent offenders, notwithstanding the inclusion of all of the applicable charges on a single information or indictment. We conclude accordingly that the trial court did not err in applying *Vasquez I* and properly eschewed *Shiffler.* Thus, Bell's first question does not offer grounds for relief.

¶ 10 In support of his second question, Bell argues that his sentence violates due process and equal protection. He concedes, however, that we have addressed such a claim previously and found it untenable. Brief for Appellant at 15 (citing *Commonwealth v. Plass,* 431 Pa.Super. 251, 636 A.2d 637 (1994)). Bell cites no other case authority in support of his argument. Accordingly, we decline to revisit the holding in *Plass.*

¶ 11 For the foregoing reasons, we affirm Bell's judgment of sentence.

¶ 12 Judgment of sentence AFFIRMED.