## Commonwealth v. Shiffert

C.P. of Carbon County, no. 420 CR 06.

*Andrea F. McKenna,* for Commonwealth.
*Kent D. Watkins,* for defendant.

NANOVIC, *P.J.,* March 2, 2009—The defendant, Kenneth Shiffert, has appealed from our order dated December 26, 2008, denying his amended petition for relief under the Post Conviction Collateral Relief Act. In that petition, the sole issue raised was that the court erred at the time of sentencing in imposing a five-year mandatory minimum sentence with respect to defendant's conviction on a drug trafficking offense (Count 3 of the Information) because the defendant had no prior record of conviction of another drug trafficking offense.

A hearing was scheduled on defendant's petition for December 23, 2008. At that time, neither side presented any testimony or other evidence, and the sole issue defendant sought to pursue was the one identified in the previous paragraph. Consequently, while defendant has identified two issues in his concise statement of matters complained of on appeal filed in response to our January 23, 2009, order directing the filing of this statement, the second issue defendant has raised, that pertaining to sentencing entrapment, is not factually supported by the record in this case and has been waived.

As to the first issue, on April 10, 2007, the defendant pled guilty to multiple counts of possession with intent

to deliver cocaine, methamphetamine, and marijuana. 35 P.S. §780-113(a)(30). Prior to this plea, the Commonwealth served notice upon the defendant of its intent with respect to Count 3 "to proceed under 18 Pa.C.S. §7508(a)(3)(ii) which sets forth the mandatory sentencing provision provided when an individual is convicted of violating section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, for a second and subsequent time, in that the controlled substance is cocaine and the amount of cocaine involved is more than 10 grams, whereby the Commonwealth will seek the imposition of a mandatory sentence of no less than five years in a prison and $30,000 in fines or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal drug activity." See Commonwealth's notice of mandatory sentencing. In accordance with the mandatory sentencing provisions of 18 Pa.C.S. §7508(a)(3)(ii), and the amount of cocaine not being in dispute, at the time of defendant's sentencing on June 5, 2007, the court imposed a sentence of not less than five years nor more than 10 years for the offense described in Count 3 of the Information. At that time, defendant was also sentenced on nine other drug trafficking offenses and seven other drug related offenses to which he pled guilty on April 10, 2007. The sentence imposed followed the recommendation contained in a presentence investigation ordered in the case.

Prior to defendant's pleas on April 10, 2007, defendant did not have a previous conviction for another drug trafficking offense as that term is described in 18 Pa.C.S. §7508(a.1). For purposes of this statute, defendant's nine other convictions entered on April 10, 2007, for violating

section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, constituted convictions of other drug trafficking offenses which existed at the time defendant was sentenced on June 5, 2007. Defendant nevertheless argues that the court's use of defendant's pleas on April 10, 2007, to the other drug trafficking offenses — eight of which occurred on a separate date from the offense described in Count 3 — as another conviction sufficient to trigger a five-year mandatory minimum sentence on Count 3 was improper.

In both *Commonwealth v. Williams,* 539 Pa. 249, 652 A.2d 283 (1994) and *Commonwealth v. Vasquez,* 562 Pa. 120, 753 A.2d 807 (2000), the Pennsylvania Supreme Court held that section 7508 means what it says and that "as long as *at the time of sentencing,* a defendant 'has been convicted' of another qualifying 'offense,' the defendant shall receive the enhanced sentence." *Vasquez,* 753 A.2d at 809. (emphasis in original) It makes no difference whether the prior conviction arises from a multi-count complaint or a separate complaint. Accordingly, since the defendant pled guilty on April 10, 2007, to multiple counts of possession with intent to deliver a controlled substance, at the time the defendant was sentenced on June 5, 2007, and received a mandatory minimum term of imprisonment for his violation of the offense charged in Count 3 of the Information, he had been previously convicted of nine other drug trafficking offenses.

In accordance with the foregoing, defendant was properly sentenced and is not entitled to post-conviction relief.