J-S46035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TOBY L. OLIVER, | : | |
| | : | |
| Appellant | : | No. 2210 MDA 2013 |

Appeal from the Judgment of Sentence entered on June 19, 2012
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No. CP-35-CR-0001874-2011

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 20, 2014**

Toby L. Oliver ("Oliver") appeals from the judgment of sentence entered following his conviction of three counts each of possession of a controlled substance with intent to deliver ("PWID") and possession of a controlled substance, and one count each of possession of drug paraphernalia and possession of a small amount of marijuana.[1]  Additionally, Oliver's court-appointed counsel, Kurt T. Lynott, Esquire ("Attorney Lynott"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Attorney Lynott's Petition to Withdraw, and affirm the judgment of sentence.

In June 2011, a confidential police informant, cooperating with the Lackawanna County United Drug Task Force, conducted four controlled buys of marijuana from Oliver's residence, located in Carbondale, Pennsylvania.

_____
[1] **See** 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32), (a)(31).

The police subsequently secured a search warrant, and discovered in Oliver's residence large amounts of heroin and cocaine, as well as drug paraphernalia and marijuana. Oliver was arrested and charged with the above-mentioned offenses in a multiple-count Criminal Complaint, after which the matter proceeded to a jury trial. In March 2012, the jury found Oliver guilty on all counts.

Prior to sentencing, the Commonwealth gave Notice of its intent to pursue a mandatory minimum sentence under two provisions of 18 Pa.C.S.A. § 7508, which provide for enhanced mandatory minimum sentences where the offender possessed a certain amount of narcotics and had been convicted of a prior drug trafficking offense "at the time of sentencing." **See id.** § 7508(a)(3)(ii), and (a)(7)(i); **see also Commonwealth v. Vasquez**, 753 A.2d 807, 809 (Pa. 2000) (holding that that a conviction in a multiple-count complaint can be counted as a "prior" drug trafficking conviction triggering the enhancement provisions of 18 Pa.C.S.A. § 7508).

On June 19, 2012, the trial court applied section 7508 to Oliver's three PWID convictions (counting one of these PWID convictions as a prior drug trafficking conviction under **Vasquez**), and imposed an aggregate prison

sentence of 172 months to 348 months, plus thirteen years of probation.[2]

Oliver filed a post-sentence Motion for Reconsideration of Sentence, arguing that the trial court imposed an illegal sentence and inappropriately applied section 7508 to his convictions. The trial court denied Oliver's Motion.

Approximately four months later, in October 2012, Oliver filed a Petition under the Post Conviction Relief Act[3] seeking reinstatement of his direct appeal rights, *nunc pro tunc*. The trial court permitted Oliver to file an appeal *nunc pro tunc*, and appointed Attorney Lynott to represent Oliver. Attorney Lynott timely filed a Notice of Appeal. In response, the trial court

---

[2] In his **Anders** Brief, Attorney Lynott explains Oliver's sentence, and the sentencing court's application of the mandatory minimum sentencing enhancement provisions of section 7508, as follows:

> [Oliver] was found guilty of [three separate counts of PWID, concerning his possession of] 4.8 grams of heroin, 13.4 grams of [powder] cocaine[,] and 13.4 grams of crack cocaine. … [Under section 7508, a] conviction for a first offense of [PWID h]eroin[, where the amount of heroin possessed is over one gram but less than five grams,] carries a mandatory minimum sentence of two [] years and[,] for a second offense[,] three [] years. 18 Pa.C.S.A. [§] 7508(a)(7)(i). [Oliver] received a sentence of three [] to six [] years [in prison for his PWID (heroin) conviction]. For [PWID] cocaine, [where the amount of cocaine possessed is more than 10 grams but less than 100 grams,] there is a mandatory sentence of three [] years for [a] first offense[,] and five [] years for [a] second offense[]. 18 Pa.C.S.A. [§] 7508(a)(3)(ii). [Oliver] received a sentence of five [] to ten [] years [in prison] for each [of his two] count[s] of [PWID c]ocaine[.]

**Anders** Brief at 7.

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

- 3 -

ordered Oliver to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Oliver timely filed a Concise Statement.

Subsequently, Attorney Lynott filed with this Court an **Anders** Brief and Petition to Withdraw as Oliver's counsel, asserting that the claim that Oliver wished to raise on appeal was wholly frivolous and that there are no other meritorious issues to present on appeal. Oliver filed a *pro se* response (hereinafter "Response") to Attorney Lynott's Petition to Withdraw and **Anders** Brief.[4]

Before addressing Oliver's issue on appeal, we must determine whether Attorney Lynott has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

_____

[4] Oliver did not retain alternate counsel for this appeal.

- 4 -

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the **Anders** requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Edwards**, 906 A.2d 1225, 1228 (Pa. Super. 2006) (citation and brackets omitted).

Our review of Attorney Lynott's **Anders** Brief and Petition to Withdraw reveals that he has substantially complied with the requirements of **Anders**/**Santiago**.[5] **See Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that substantial compliance with the requirements to withdraw as counsel will satisfy the **Anders** criteria). Additionally, Attorney Lynott has properly (1) provided Oliver with a copy of both the **Anders** Brief and Petition to Withdraw; and (2) appended to the **Anders** Brief a copy of the letter that he sent to Oliver advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points

---

[5] Attorney Lynott's Petition to Withdraw (but not the **Anders** Brief) incorrectly states that counsel seeks to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). This matter falls under **Anders** and its progeny, not **Turner**/**Finley**.

that he deems worthy of this Court's attention. Accordingly, we next examine the record to make an independent determination of whether Oliver's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Lynott explains that Oliver wishes to challenge the sentencing court's application of the mandatory minimum sentencing enhancement provisions set forth in 18 Pa.C.S.A. § 7508(a)(7)(i) and (a)(3)(ii), which allegedly resulted in an illegal sentence. **See Anders** Brief at 6. Attorney Lynott opines that Oliver's sentence is not illegal, and the trial court properly applied section 7508 to Oliver's convictions. **See id.** at 7-8.

In Oliver's *pro se* Response, he objects to Attorney Lynott's filing an **Anders** Brief, and contends that the sentencing court imposed an illegal sentence by applying the enhancement provisions of section 7508(a)(3)(ii) and (a)(7)(i), in violation of the United States Supreme Court's recent decision in **Alleyne v. U.S.**, 133 S. Ct. 2151 (U.S. 2013) (holding that any "fact" that increases a mandatory minimum sentence must be treated as an element of the crime that must be submitted to a jury and found beyond a reasonable doubt).[6] Response, 4/29/14, at 7. We disagree.

This Court has explained the holding in **Alleyne** as follows:

> According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that

---

[6] Although the sentencing court imposed Oliver's sentence prior to the **Alleyne** decision, **Alleyne** applies retroactively. **See Commonwealth v. Thompson**, 2014 PA Super 106, at **31-33 (Pa. Super. 2014); **Commonwealth v. Munday**, 78 A.3d 661, 665-66 (Pa. Super. 2013).

- 6 -

facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

***Commonwealth v. Watley***, 81 A.3d 108, 117-18 (Pa. Super. 2013) (*en banc*) (emphasis added; footnotes omitted).

In the instant case, the sentencing court applied the enhancement provisions of section 7508(a)(7)(i) and (a)(3)(ii) based upon Oliver's "prior conviction" of a drug trafficking offense at the time of sentencing. Therefore, Oliver's sentence is not illegal and does not run afoul of **Alleyne**.

We conclude that Oliver's issues lack merit, and our review discloses no non-frivolous issues that Oliver could present on appeal. Accordingly, we grant Attorney Lynott permission to withdraw under the precepts of **Anders**, and affirm the judgment of sentence.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014