**[J-112-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 77 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1529 MDA |
| | : | 2017 dated May 25, 2018, |
| v. | : | Reconsideration Denied August 3, |
| | : | 2018, Reversing the Order dated |
| | : | September 15, 2017 of the York |
| STEVEN WINFIELD COCHRAN, II, | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| Appellant | : | 0000361-2017, Vacating the |
| | : | Judgment of Sentence and |
| | : | Remanding for Resentencing. |
| | : | |
| | : | ARGUED:  November 21, 2019 |


**OPINION**


JUSTICE MUNDY                                              DECIDED:  January 20, 2021

In this appeal by allowance, we are asked to decide whether a line of Superior

Court cases dating back to 2004 has eroded the procedural requirements of Section 1106

of the Judicial Code requiring restitution be set at the time of sentencing.[1]  Because the

---

[1] The statute provides in pertinent part as follows:

**§ 1106. Restitution for injuries to person or property**

**(a) General rule.--**Upon conviction for any crime wherein:

        (1) property of a victim has been stolen, converted or
otherwise unlawfully obtained, or its value substantially
decreased as a direct result of the crime . . . the offender shall

facts of the instant matter are distinguishable from the line of cases cited by Appellant, we conclude that the Superior Court in the instant matter erred in vacating Appellant's judgment of sentence and remanding for resentencing.

Appellant, Steven Winfield Cochran, II, briefly stayed at a vacation home owned by his grandparents. On December 4, 2016, Appellant's grandparents visited the home,

---

be sentenced to make restitution in addition to the punishment prescribed therefor.

. . .

**(c) Mandatory restitution.--**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .

. . .

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

. . .

(4)    (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

. . .

18 Pa.C.S. § 1106.

finding Appellant intoxicated. An altercation ensued, during which Appellant threatened and assaulted his grandmother, and deliberately destroyed various items of personal property. Also during the altercation, a fire was ignited, causing additional damage to the premises and personal property. Appellant was arrested and charged with terroristic threats, simple assault, two counts of criminal mischief, and three counts of harassment. Appellant and the Commonwealth engaged in plea negotiations.[2] On June 29, 2017, at the beginning of the plea hearing, both counsel informed the trial court that the total restitution claimed exceeded $65,000.00, but that Appellant disputed whether he was responsible for that total amount because some of the destroyed or damaged property had belonged to him. Defense Counsel[3] requested a hearing be scheduled to determine the proper restitution amount. N.T., 6/29/17, at 2-3. The trial court granted the request and proceeded with the guilty plea colloquy. Appellant entered a plea of guilty to one count each of terroristic threats, simple assault, and criminal mischief.

Following the entry of the plea, the trial court proceeded to the non-restitution aspects of sentencing. The trial court sentenced Appellant to an aggregate term of three to 23 months' incarceration, and Appellant received credit for 207 days times served, and

---

[2] By the time the plea was entered in this case the trial court's deadline for entry of a negotiated plea had expired. Therefore, the plea was accepted as an open plea. Trial Court Order, 5/1/17. Nevertheless, the charges Appellant pleaded to and the charges the Commonwealth *nolle prossed* comported with the negotiated plea agreement. Additionally, the court's sentence paralleled the recommended sentence contained in the agreement. *See generally*, N.T., 6/29/17.

[3] At the time of his plea and the June 29, 2017 portion of his sentencing, Appellant was represented by Attorney Alisa Livaditis of the York County Public Defender's Office. At the August 28, 2017 hearing, Attorney Brad Peiffer of that office represented Appellant. Subsequently Appellant was represented by a third attorney from that office, Anthony Tambourino.

was to be released on a detainer in Maryland.[4]  Defense Counsel then specifically requested Appellant remain in the York County Prison and not be released on a detainer to Maryland until after the restitution hearing had occurred.  The trial court granted Defense Counsel's request, and its June 29, 2017 order included a provision scheduling the requested restitution hearing for August 28, 2017.  Trial Court Order, 6/29/17.

Subsequently, Defense Counsel also filed a written Motion for Restitution Hearing which included the following language:

> 6.  As a term of his plea agreement, [Appellant] was agreeable to paying restitution for the items that he intentionally damaged within the residence.
>
> 7.  [Appellant] has reviewed the restitution documentation provided and believes that some of the items cited by the insurance company are his property, and thus should not be a component of his restitution.

Motion for Restitution Hearing, 6/30/17, at ¶¶ 6-7.

On August 28, 2017, at the restitution hearing, the Commonwealth presented its witnesses and documentation supporting its proposed restitution amount.  Appellant objected to the court's jurisdiction, but the trial court overruled the objection and heard the evidence on the basis that "the hearing was specifically requested both orally and by written motion at [Appellant]'s request."  Trial Ct. Op., 11/8/17, at 4.  The court was unable to complete the hearing in the time allotted, and the matter was continued to September 15, 2017 for Appellant to present his case for a lower restitution amount.   At the hearing, Appellant's new counsel again argued the court lacked jurisdiction to enter a restitution order or amend the sentencing order because more than 30 days had passed since the June 29, 2017 order, which Appellant deemed to be a final sentencing order.  "After

---

[4] The credit for time served was from December 5, 2016 to June 29, 2017.  The minimum sentence was based on the plea agreement's time-served recommendation.

making additional argument on that issue, defense counsel conceded that [Appellant] had no claim to contest the restitution amount presented by the Commonwealth." *Id.* at 5. The trial court overruled Appellant's jurisdictional objection. The trial court entered an order directing Appellant to pay restitution in the amount of $70,951.59.

Appellant appealed to the Superior Court, arguing that the Commonwealth failed "to make a recommendation for restitution and the trial court failed to set restitution at the time of sentencing on June 29, 2017, as required by 18 Pa.C.S. § 1106(c)(2)." Super. Ct. Op. at 3 (citing Appellant's Brief at 4). In an unpublished memorandum, a unanimous panel of the Superior Court ruled that the trial court erred in failing to determine the amount of restitution "at the time of sentencing" in accordance with the dictates of Section 1106(c), whose restitution requirements implicate the legality of the sentence. Additionally, the panel held that, by finding the trial court's restitution order to be illegal, that court's overall sentencing scheme had been upset. Therefore, the panel vacated the entire sentence and remanded for resentencing.

We granted Appellant's petition for allowance of appeal to address the following question:

> Whether the Superior Court, in a line of cases going back to 2004, has gradually eroded the General Assembly's plain mandate established in 18 Pa.C.S. §1106(c) that restitution must be set at the time of sentencing?

*Commonwealth v. Cochran*, 199 A.3d 884 (Pa. 2018) (per curiam).

Appellant is challenging the order of the Superior Court vacating Appellant's judgment of sentence and remanding for resentencing. Specifically, Appellant argues his appeal in the Superior Court solely challenged the order setting restitution, and not Appellant's judgment of sentence. Relying on *Commonwealth v. Dinoia*, 801 A.2d 1254, 1255 (Pa. Super. 2002) (holding "a sentencing court may not leave the amount of restitution open for determination at a later date"), Appellant argues the trial court was

without jurisdiction to impose restitution as it was not done at sentencing. Appellant argues the Superior Court erred in concluding his case was "factually distinguishable from *Dinoia* in that the restitution hearing was requested at the time of sentencing by [Appellant] and was scheduled by the Court within sixty days, not the eighteen months that occurred in *Dinoia*." Appellant's Brief at 7 (citing Super. Ct. Op. at 5).

The crux of Appellant's argument centers on a line of Superior Court cases he asserts has eroded the sentencing and restitution mandates the court set out in *Dinoia*. Appellant argues *Dinoia* addressed the legislative amendments to the sentencing provisions in 18 Pa.C.S. § 1106(c)(2) and unequivocally created a plain rule that sentencing courts are required to set any restitution obligation, including the amount of restitution, at the time of sentencing, and that failure to do so renders a subsequent imposition of restitution illegal.

He further asserts that the "at the time of sentencing" language in the provision is clear and not subject to further statutory interpretation. Appellant notes this Court has interpreted an identical phrase in 18 Pa.C.S. § 7508, which provides for a mandatory sentence if a defendant has a conviction for another qualifying offense "at the time of sentencing." In *Commonwealth v. Vasquez*, 753 A.2d 807 (Pa. 2000), this Court reviewed the Superior Court's interpretation of the provision as not contemplating other convictions resulting from the same criminal complaint. We held, "the wording of [Section 7508] is unambiguous, and clearly requires that as long as *at the time of sentencing*, a defendant 'has been convicted' of another qualifying 'offense,' the defendant shall receive an enhanced sentence." *Vasquez*, 753 A.2d at 809 (italics in original).

Appellant suggests this principle in the instant case is strengthened by reading subsections (c)(4) and (c)(2) *in pari materia*, as the Superior Court has acknowledged in prior precedent, illustrated by the following:

> Section 1106(c)(2) mandates that at the time of sentencing the court shall specify the amount and method of restitution (emphasis added). This must be read in conjunction with subsection (c)(4) requiring the Commonwealth to make a recommendation to the Court at or prior to the time of sentencing. This section would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later.

*Commonwealth v. Ortiz*, 854 A.2d 1280, 1283 (Pa. Super 2003). Appellant argues that, absent application of the statute's clear meaning, it would be absurd to base restitution on a recommendation made after sentencing.

In the instant case, at the plea hearing, the district attorney informed the court that the restitution amount was known, albeit disputed. Appellant argues there was no imperative to proceed to sentencing immediately after the acceptance of the plea.[5] In proceeding with sentencing, however, Appellant asserts the court in this case was not prevented from setting restitution at that time subject to any objection Appellant might make in post sentence motions to be resolved within the 30 day jurisdictional window retained by the sentencing court. *See* 42 Pa.C.S. § 5505. Appellant argues the sentencing court in this case, having failed to follow either option, lost jurisdiction by the time it belatedly set restitution, resulting in an illegal restitution order. Appellant, without reference to the concession made in his motion for a restitution hearing agreeing to set restitution at a later date, contends that the fact that he was aware of the recommendation for restitution and expressed an intention to dispute the amount, did not absolve the sentencing court from compliance with the statute. He further argues his knowledge of

---

[5] The Comment to Pennsylvania Rule of Criminal Procedure 705.1, which implements the dictates of Section 1106(c), states: "When imposing restitution, the judge should consider whether the defendant has received notice . . . and whether the defendant intends to object . . . . The sentencing hearing may need to be continued as a result." Pa.R.Crim.P. 705.1 Cmt.

the restitution dispute should not be deemed a waiver of his right to the certainty of a legally imposed sentence.[6]

Appellant narrowly focuses on whether the Superior Court erred in vacating Appellant's judgment of sentence rather than solely the order imposing restitution. He contends that subsequent decisions by the Superior Court have created exceptions to the rule established by the General Assembly by vacating the entire sentence, including the legal portion of a sentence, to permit resentencing when trial courts have failed to set restitution at sentencing. Appellant argues this exception creates uncertainty in sentencing to the detriment of defendants and is contrary to the statute's straightforward mandatory procedural requirements.

Appellant claims that, in cases subsequent to *Dinoia*, the Superior Court has deviated from its remedy of only vacating the illegal restitution order. According to Appellant, this deviation effectively carved out an exception to the plain requirements of Section 1106 by introducing concepts into the remedy analysis not germane to the illegality of the restitution order. The first such case was *Commonwealth v. Deshong*, 850 A.2d 712 (Pa. Super. 2004). Therein the sentencing court entered "$TBD" in its sentencing order in lieu of a definite restitution amount. Fourteen months later it determined an amount. On appeal, the Superior Court majority determined that the probationary sentence Deshong received was probably contemplated due to the presumed restitution requirement. Thus, the court deemed its ruling that the late imposition of a restitution amount was illegal likely upset the sentencing scheme of the trial court, warranting vacating the entire sentence. *Deshong*, 850 A.2d at 716-17. The

---

[6] Alternatively, Appellant argues that even if this Court were to determine Section 1106 ambiguous, the rule of lenity leads to the same result. Thus, "even when the court feels like a defendant is 'getting away with something', [following the plain language] is precisely what an appellate court is required to do." Appellant's Brief at 22.

majority distinguished *Dinoia* by noting the Commonwealth in that case had not "specifically argued that removing the restitution order upsets the trial judge's sentencing scheme." *Id.* at 714.[7]

Appellant, in addition to questioning the correctness of the *Deshong* decision, argues this case is distinguishable. In *Deshong*, the record reflected that Deshong received a probationary sentence in lieu of incarceration in part due to the existence of a restitution component. Instantly, Appellant received a guideline sentence of incarceration for time served. According to Appellant, there is nothing in the record below to indicate the sentence of incarceration was in any way contingent or dependent on the amount of restitution.

In *Commonwealth v. Mariani*, 869 A.2d 484 (Pa. Super. 2005), the Superior Court held that it was not the late imposition of a restitution amount that rendered the initial sentence illegal, but the indication at the time of sentencing that restitution was to be determined that failed to comport with Section 1106. *Mariani*, 869 A.2d at 486. Determining the confinement and monetary elements of the sentence to be integrated, and citing *Deshong*, *supra*, the court vacated the entire order for resentencing. *Id.* at 487.

Appellant concludes that the "work-around" created by the Superior Court in *Deshong* and *Mariani*, and followed by the court in the instant case should be disapproved by this Court in favor of enforcement of the plain meaning of Section 1106. To do otherwise would render the mandatory strictures of the section merely advisory, allowing violation with impunity. Accordingly, Appellant concludes "the fact that a sentencing order does not contain restitution even if it was discussed during a sentencing hearing does not

---

[7] The dissent in *Deshong* opined that Section 1106 was inapplicable because the defendant received a probationary sentence, such that the imposition of restitution was governed by 42 Pa.C.S. § 9754, as a condition of probation.

make the sentence illegal." Appellant's Brief at 40. Rather, Appellant argues that the restitution order should be vacated without upsetting the original sentencing scheme. *Id.*

The Commonwealth argues that the Superior Court correctly vacated Appellant's judgment of sentence, including the trial court's restitution order, and therefore Appellant is not entitled to relief. In support, the Commonwealth argues that the Superior Court correctly relied on and applied *Commonwealth v. Goldhammer*, 517 A.2d 1280 (Pa. 1986). Therein we noted that a defendant appealing "a judgement of sentence accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court." *Id.* at 1283. The Commonwealth asserts that Appellant engages in an initial error by suggesting the order setting restitution is something distinct from the sentence. The Commonwealth argues that a challenge to the imposition of restitution in this case was non-waivable, and as said, implicated a legality of sentence issue. Therefore it was not error for the Superior Court to consider the sentence as a whole. Appeals lie from the judgment of sentence, not an order resolving post-sentence issues. *See Commonwealth v. W.H.M, Jr.*, 932 A.2d 155, 158 n. 1 (Pa. Super. 2007). That the issue raised pertains to procedural aspects of the sentencing does not alter the characteristics of the restitution as part of the sentence.

The Commonwealth next submits there is ample support for the Superior Court's conclusion that, by finding the manner the restitution amount was set in this case was illegal, it upset the sentencing scheme of the trial court. The plea agreement in this case included a term for imposition of restitution. The trial court noted that not entering a restitution amount would afford Appellant a benefit for which he had not bargained. The Commonwealth notes that the trial court, after hearing the accounts of Appellant's actions underlying the charges, was concerned by the disparity between Appellant's admissions

and the victim's account. As such, the Commonwealth argues the Superior Court was justified to conclude the payment of restitution influenced the sentencing court's over-all sentencing decisions.

The Commonwealth further argues the Superior Court's decision in this case, far from being an aberration or part of a pattern to circumvent the plain language of a statute, is in fact consistent with this Court's precedent. The Commonwealth references *Dietrich* wherein the Superior Court reversed the sentencing court's imposition of a modified restitution amount from $10,000.00 to each victim, to $111,223.93 to one victim and $4,258.00 to the other. The Superior Court held that the trial court failed to articulate any reasons to support the modification that were not known at sentencing. The Superior Court vacated the entire sentence and remanded for resentencing. This Court accepted for consideration the question of whether "the Superior Court erred in remanding for resentencing, instead of reinstating the sentencing court's original restitution order." *Dietrich*, 970 A.2d at 1133. We held that a restitution amount entered at sentencing, if sufficiently definite based on information from the parties, is not rendered illegal by addition of the condition that the amount is "subject to modification." *Id.* at 1134. Accordingly, this Court reinstated the original sentencing order, but vacated the modification, noting that any future modification must comply with the requirement that the sentencing court provide a statement of the reasons justifying the change.

The Commonwealth next claims the Court's decision in *Commonwealth v. Hall*, 80 A.3d 1204 (Pa. 2013) is also supportive of its position. Therein, this Court affirmed the Superior Court's determination that ordering a defendant to pay the deceased victim's children child support as a probation condition was improper because the record did not reveal any basis for the award entered. Pertinent here, the Court affirmed the Superior

Court's order to vacate the sentence and remand for resentencing.[8]  The Commonwealth submits that, while the instant case involves a sentence of incarceration rather than a sentence of probation, the *Hall* Court's decision to allow the sentencing court to correct its error by revisiting the sentence overall, rather than merely vacating the restitution segment, is instructive.

The Commonwealth also argues that Appellant urges too narrow a focus on the timing of the sentencing court's setting of restitution in this case as the only illegal aspect of the restitution sentence at issue.  The Commonwealth notes that imposing full applicable restitution as part of a sentence is itself mandatory under Section 1106. Therefore, the Commonwealth argues a sentencing order that omits such mandatory restitution is illegal when entered.  This, in the Commonwealth's view, justifies the Superior Court's decision to vacate the entire sentence.  The Commonwealth argues that the mandate in Section 1106(c) directing that the sentencing court "shall order full restitution" is as unambiguous as is the language focused on by Appellant that the amount be set "at the time of sentencing."  18 Pa.C.S. § 1106(a).  The Commonwealth contends the resolution of these statutory mandates concerning restitution must perforce be made in the same manner as other issues addressing the legality of a sentence.

"[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence. . . . Such issues pose questions of law, over which our review is plenary."  *Hall*, 80 A.3d at 1211.  In the instant matter the parties' briefs are confined to whether the Superior Court correctly vacated the entire sentence or should have solely vacated the imposition of restitution.  The parties focus in particular on *Dinoia*, a case the

---

[8] More broadly the Court held, "it is not apparent to us that the probationary conditions that import child support principles in the service of restitutionary and rehabilitative goals-even if the child support 'award' is better tethered than the award here-are proper." *Hall*, A.3d at 1217.

trial court acknowledged held "that a sentencing court may not leave the amount of restitution open for determination at another date."  Trial Ct. Op. at 5.

As an initial matter we recognize that the parties have not questioned that the "time of sentencing" in this case occurred **solely** on June 29, 2017, after the trial court accepted Appellant's plea and the terms of the plea agreement.  The record, however, does not support this narrow interpretation.  The circumstances of this particular case are unique in that defense counsel at the time of sentencing agreed to proceed with sentencing but disputed the restitution amount and requested an additional hearing.  There is nothing in the Rules of Criminal Procedure or the Judicial Code that precludes a sentencing court from conducting a sentencing proceeding over multiple days as the needs of the parties and the court's schedule may necessitate.[9]  Accordingly, the trial court announced the incarceration portion of the sentence with other conditions in an order dated June 29, 2017.[10]  In response to Appellant's request, the order included setting a date for a further hearing on August 28, 2017 to address certain factual issues about the ownership of the damaged property included in the Commonwealth's valuation of restitution.[11]  Trial Court

---

[9] This is of course subject to the Rule of Criminal Procedure requiring that sentencing be held within 90 days of a conviction or plea, unless a delay is granted for good cause. Pa.R.Crim.P. 704(A).

[10] At the time of sentencing, on June 29, 2017, Appellant had served 207 days and the trial court's intention was to release Appellant on a detainer to Maryland.  The dissent absolves Appellant of any responsibility for requesting the restitution hearing, and agreeing to continue it to August 28, 2017, the trial court's next available time for the hearing.  Instead, the dissent concludes the "trial court simply ignored the commands of Section 1106(c)" and "the Commonwealth failed to catch that error."  Dissenting Op. at 5. This conclusion rewards gamesmanship and ignores the accommodations that were made at Appellant's request to challenge the restitution amount.

[11] Nevertheless, the dissent deems this grant of Appellant's request as "placing the onus on [Appellant] to maximize his own punishment."  Dissenting Op. at 5.  To the contrary, the record shows that the trial court and the Commonwealth were accommodating defense counsel's request for time to counter the Commonwealth's evidence of the restitution valuation.

Order, 6/29/17. On this record, it is apparent the sentencing court proceeded with a segmented or bifurcated sentencing hearing, resulting in a complete and final order only on September 15, 2017. Viewed in this manner, the sentence is compliant with Section 1106 and the issues raised by Appellant and addressed by the Superior Court moot.

The Commonwealth raised a similar argument before the Superior Court. However, the Superior Court did not directly discuss the issue, proceeding on the assumption that final sentencing occurred on June 29, 2017. We conclude that, contrary to a plain reading of the record, the Superior Court erroneously presumed that the "time of sentencing" for the purpose of section 1106 occurred solely on June 29, 2017. Because the final complete sentencing order was entered on September 15, 2017, we conclude Appellant had no basis to challenge the sentencing court's jurisdiction under Section 1106 (c)(2).

Accordingly, we reverse the Superior Court's order vacating the September 15, 2017 restitution order and June 29, 2017 sentencing order, and remand for reinstatement of said orders imposing Appellant's judgment of sentence and restitution amount. [12]

Chief Justice Saylor and Justices Baer, Todd and Dougherty join the opinion.

Chief Justice Saylor files a concurring opinion in which Justices Todd and Dougherty join.

Justice Wecht files a dissenting opinion in which Justice Donohue joins.

---

[12] Prior to oral argument, the Commonwealth submitted an unopposed motion to file a supplemental brief, with the proposed brief attached. Appellant noted he would not file a response, because his brief adequately addressed the additional authority contained in the supplemental brief. We grant that motion and have considered the additional arguments.