J-S27006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VAUGHN JAMES | |
| Appellant | No. 527 WDA 2013 |

Appeal from the PCRA Order January 25, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CC: 201100990; CC: 201104395;
CP-02-CR-0015955-2008

BEFORE:  GANTMAN, P.J., ALLEN, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 24, 2014**

Appellant, Vaughn James, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, reverse in part, and remand for resentencing only as to the portion of Appellant's sentence imposing restitution.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case as follows:

> On March 15, 2011, [at CC # 2008-15955,] pursuant to a plea agreement, Appellant pled guilty to two counts of Intentionally Possessing a Controlled Substance by a Person Not Registered and one count each of Possession of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

a Controlled Substance with Intent to Deliver (PWID), Possession of Marijuana, Obstruction of Justice, and Resisting Arrest. The Commonwealth and Appellant agreed to a sentence of two to six years' incarceration, but Appellant asked to defer sentencing past ninety days in order to resolve other pending matters. The Commonwealth did not object to the deferment of sentencing.

At CC # 2011-00990, on July 18, 2011, again pursuant to a plea agreement this time with the Office of the Attorney General, Appellant pled guilty to the entire criminal information: thirty counts. Appellant pled [guilty] to: two counts each of Corrupt Organizations, Receiving Stolen Property, Firearms Not to be Carried Without a License, and Sale or Transfer of a Firearm; one count of Conspiracy; thirteen counts of Delivery of a Controlled Substance (eleven cocaine, one heroin and one marijuana); and eight counts of PWID (seven cocaine and one marijuana). The Commonwealth summarized the sentence agreement:

> [W]e have agreed to a sentence at count twenty-four of that information [CC # 2011-00990] of four-to-eight years; at count twenty-nine of that information of seven-to-fourteen years [of imprisonment] consecutive to count twenty-four. In addition, your Honor, the Commonwealth is seeking a short probationary period at Count twenty-two to run consecutive to the other counts. I've agreed with [trial counsel] that…will not exceed a three-month period as set by the [c]ourt. … [Your Honor, at Count 16 of the information, Commonwealth is seeking to impose a five-year mandatory to run concurrent to all of the counts described. Guilt with no further penalty at the remaining counts, Your Honor.]

Also on July 18, 2011, at CC # 2011-04395, once more pursuant to a plea agreement, Appellant pled guilty to two counts of PWID (cocaine). The Commonwealth withdrew two counts in exchange for: a five-year mandatory that will run concurrent with the sentence imposed at CC # 2011-00990. As part of the plea negotiations, Appellant

- 2 -

agreed to accept the mandatory sentence so that Ms. Lunsford [(Appellant's co-defendant and girlfriend)] is able to receive a period of intermediate punishment for her criminal involvement in the case.

Appellant was sentenced at all three cases on July 18, 2011. Appellant was told by defense counsel, the Commonwealth, and the [c]ourt prior to pleading guilty that the aggregate prison sentence would be 11-to-22 years of imprisonment. In accordance with the plea agreement, at CC # 2011-00990 this [c]ourt sentenced Appellant to the following: at Count Twenty-Four, PWID, a period of four to eight years' incarceration[;] at Count Twenty-Nine, PWID, a consecutive period of seven to fourteen years' incarceration[;] at Count Sixteen, Delivery of a Controlled Substance, five to ten years' incarceration to run concurrent with Count Twenty-Nine[;] at Count Twenty-Two, Delivery of a Controlled Substance, a period of three months' probation to run consecutive to Count Twenty-Nine[;] and restitution of $14,400[2] was imposed. At CC # 2008-15955 Appellant received two to six years' incarceration at Count Two, PWID, concurrent with CC # 2011-00990.[3] At CC # 2011-04395 Appellant was

_____

[2] The July 18, 2011 transcript shows the Commonwealth requested restitution in the amount of $14,400.00 for money expended during controlled buys, which formed the bases of Appellant's charges at counts 10-18 at docket # 2011-00990. (Guilty Plea/Sentence Hearing, 7/18/11, at 27). According to the sentencing transcript, however, the court imposed restitution in the amount of $14,440.00. (*Id.* at 29). Further, the sentencing order for docket # 2008-15955 indicates the court imposed restitution in the amount of $12,864.96. No other sentencing order in this case contains a restitution provision. The record does not explain these discrepancies.

[3] The March 15, 2011 and July 18, 2011 transcripts make clear the parties agreed to a term of two to six years' imprisonment for Appellant's PWID conviction at docket # 2008-15955 (count two), to run concurrent with Appellant's sentence at docket # 2011-00990. Nevertheless, the sentencing order and docket sheets for docket # 2008-15955 indicate the court imposed a sentence of only two to four years' imprisonment for this

*(Footnote Continued Next Page)*

sentenced at Count Three, PWID, to a period of incarceration of five to ten years to run concurrent with the sentence imposed at CC # 2011-00990. Appellant received no further penalty at all remaining counts.

No post-sentence motion or direct appeal was filed. On January 3, 2012, Appellant filed a Motion to Compel Discovery and Plea Transcripts which was denied on January 24, 2012 without prejudice to be re-filed after Appellant filed a PCRA petition. On March 2, 2012, Appellant filed a *pro se* Motion for Post Conviction Collateral Relief covering all three cases. Appellant presented four ineffective assistance of trial counsel claims in his PCRA petition[.] …

Appointed counsel filed a **Turner**/**Finley**[4] letter on December 19, 2012. This [c]ourt, after thoroughly reviewing the record, determined that the PCRA Petition contained no issues of arguable merit and issued an Intent to Dismiss Order on January 2, 2013[, and granted counsel's request to withdraw.] Appellant responded on January 17, 2013, but merely restated issues previously contained in his PCRA petition. This [c]ourt dismissed the PCRA petition on January 25, 2013.

Appellant filed a [*pro se*] Notice of Appeal on [Monday,] February 25, 2013 and amended it on March 22, 2013.[5] [On April 2, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)]. Appellant filed a [Rule 1925(b) statement] on April 24, 2013.

*(Footnote Continued)* ────────────────────

conviction. To the extent the sentencing order and docket sheets are inaccurate, these errors must be corrected on remand.

[4] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[5] The amended notice of appeal is simply a typed copy of Appellant's handwritten notice of appeal filed on February 25, 2013.

(PCRA Court Opinion, filed August 7, 2013, at 2-5) (internal citations, quotation marks, and footnotes omitted).

Appellant raises the following issues for our review:

WHETHER THE COMMONWEALTH FAILED TO EXHIBIT (BEYOND A REASONABLE DOUBT) SUFFICIENT EVIDENCE PROVING APPELLANT'S POSSESSION WITH THE INTENT TO DELIVER WHERE DRUGS WERE NOT FOUND ON HIS PERSON AND NO DRUGS WERE DISCOVERED AS TO (COUNT 24 OF CASE #CP-02-CR-00990-2011) IN VIOLATION OF APPELLANT'S V AND XIV RIGHT OF THE U.S. CONSTITUTION AND ARTICLE 1, §9 OF THE PA. CONSTITUTION.

WHETHER THE COMMONWEALTH VIOLATED APPELLANT'S IV AMENDMENT RIGHT OF THE U.S. CONSTITUTION AND ARTICLE I, § 8 OF THE PA. CONSTITUTION BY VIOLATING LAWFUL PROCEDURES REQUIRED BEFORE THE ISSUANCE OF ELECTRONIC SURVEILLANCE IN CASE # CP-02-CR-00990-2011.

WHETHER [PLEA] COUNSEL WAS IN VIOLATION OF APPELLANT'S VI AMENDMENT RIGHT OF THE U.S. CONSTITUTION FOR FAILURE TO PROVIDE REQUESTED DISCOVERY UPON CLIENT AND FAILING TO REVIEW EXCULPATORY EVIDENCE WITH CLIENT, THUS LEADING TO THE COERCION OF AN UNINFORMED AND UNKNOWING PLEA.

WHETHER [PLEA] COUNSEL IS IN VIOLATION OF APPELLANT'S VI AMENDMENT RIGHT OF THE U.S. CONSTITUTION, AND ARTICLE I, § 9 OF THE PA. CONSTITUTION FOR FAILING TO SUPPRESS WIRETAPS OR FOR THE FAILURE TO FOLLOW THROUGH WITH THE PURSUIT OF SUPPRESSION MOTION IN CASE # CP-02-CR-00990-2011, IN VIOLATION OF APPELLANT'S IV AMENDMENT RIGHT OF THE U.S. CONSTITUTION AND ARTICLE I, §8 OF THE PA. CONSTITUTION.

WHETHER [THE] TRIAL COURT ERRED IN ITS IMPOSITION OF EXCESSIVE SENTENCE UPON APPELLANT (EXCEEDED THE MANDATORY MAXIMUM) PURSUANT TO 42 PA.C.S.A.

§ 9721(b) AND 35 P.S. § 780-113(a)(30)(f)(1) IN VIOLATION OF PA. ARTICLE I, § 9 AND U.S. CONSTITUTION AMENDMENTS V AND XIV.

WHETHER [THE] TRIAL COURT ERRED IN IMPOSING A FINE NOT IN COMPLIANCE WITH THE TERMS OF THE PLEA AGREEMENT IN VIOLATION OF THE VIII AMENDMENT OF THE U.S. CONSTITUTION.

(Appellant's Brief at 4-5).[6]

Preliminarily, we observe that to be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A § 9544(b). Likewise, the failure to raise an issue before the PCRA court deems the claim presented waived. **Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002). **See also** Pa.R.A.P 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal). Further, "when a defendant enters a guilty plea, he…waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa.Super. 2012).

_____

[6] We have reordered Appellant's issues.

Instantly, Appellant failed to challenge the sufficiency of the evidence to sustain his PWID conviction (count 24) at docket # 2011-00990 in a timely filed post-sentence motion, on direct appeal, or in his *pro se* PCRA petition. Appellant also failed to complain about the Commonwealth's alleged failure to follow procedures required for electronic surveillance in a timely filed post-sentence motion, on direct appeal, or in his *pro se* PCRA petition. Consequently, Appellant's first and second issues on appeal are waived. **See** 42 Pa.C.S.A. § 9544(b); **Bond, supra**. Moreover, Appellant's entry of a guilty plea renders these claims waived on this basis as well. **See Stradley, supra**. Therefore, Appellant's first and second issues on appeal merit no relief.

For purposes of disposition, we combine Appellant's third and fourth issues. Appellant argues he requested a copy of the discovery at docket # 2011-00990 during one of his visits with plea counsel prior to pleading guilty. Appellant asserts plea counsel did not provide the requested discovery and failed to review exculpatory evidence with Appellant.[7] Appellant claims plea counsel declined to go over with Appellant the evidence against him or the evidence in Appellant's favor. Appellant contends he was unable to participate in a meaningful way in decisions

_____

[7] Appellant states generally that wiretap recordings in his case were exculpatory but does not mention which statement(s) on those recordings were exculpatory.

regarding plea counsel's objectives because Appellant had no opportunity to review the evidence in his case. Appellant maintains counsel could have brought his laptop to visits with Appellant so that Appellant could have listened to the wiretap recordings in his case. Appellant avers counsel also failed to share with him other discovery material aside from the wiretap recordings at docket # 2011-00990.[8] Appellant insists he suffered prejudice because he was unaware of the Commonwealth's evidence. Appellant submits counsel's deficiencies caused him to enter an unknowing and involuntary guilty plea.

Additionally, Appellant argues plea counsel mentioned the possibility of filing a motion to suppress wiretap recordings at docket # 2011-00990 before Appellant pled guilty. Appellant contends police performed controlled buys for a period of six months, which yielded evidence against Appellant. Appellant submits the Commonwealth unlawfully applied for a wiretap where normal investigative tactics produced successful results. Appellant avers the wiretap recordings were the only evidence against Appellant related to Appellant's PWID conviction at count 24 of this docket. Appellant maintains that if counsel had successfully litigated a motion to suppress, then the Commonwealth might not have been able to prove its case at count 24, as well as other drug charges at this docket. Appellant claims counsel had no

_____

[8] Appellant does not specify what other discovery materials were allegedly part of his case at this docket.

reasonable strategic basis for failing to file and litigate a motion to suppress the wiretap recordings.[9] Appellant concludes counsel rendered ineffective assistance, and this Court must grant Appellant appropriate relief. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be

_____

[9] In his reply brief, Appellant proclaims counsel also should have moved for suppression of the wiretap recordings under any of the bases set forth at 18 Pa.C.S.A. § 5721.1(b) (governing motions to exclude contents of intercepted communication or derivative evidence); and on the basis that police need a search warrant to send a confidential informant into a defendant's home to electronically record a conversation at the instruction of the police. Appellant raises these claims for the first time in his reply brief constituting waiver of these arguments on appeal. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999) (explaining appellant is prohibited from raising new issues in reply brief; when appellant uses reply brief to raise new issues or remedy deficient discussions in initial brief, appellate court may suppress non-complying portions).

served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* "The petitioner bears the burden of proving all three prongs of the test." *Id.* at 880 (quoting *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa.Super. 2005), *appeal denied*, 583 Pa. 680, 877 A.2d 460 (2005)).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea

depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser, supra***. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Id.*** at 528-29. Further, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

Additionally, "where an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." ***Commonwealth v. Jones***, 942 A.2d 903, 909 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008). An appellant must also "establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." ***Commonwealth v. Arch***, 654 A.2d 1141, 1143 (Pa.Super. 1995).

Instantly, the PCRA court addressed Appellant's third issue on appeal as follows:

Appellant's claim fails to meet any of the requirements for a successful ineffectiveness claim. The amount of pretrial discovery at CC # 2011-00990, as described by defense counsel was "overwhelming" and included numerous hours of audio recordings from Appellant's two cell phones from July 16, 2010 until August 14, 2010. [Appellant] stipulated to the admissibility of the fifteen crime lab reports which were then made part of the record. The reports each related to drugs or guns recovered from a co-defendant, …Appellant's residence, and Appellant's person at the Allegheny County Jail. Also, the Commonwealth incorporated into the record Grand Jury presentments Number 20 and 25 without any objections from Appellant.

Appellant's claim that he lacked the necessary discovery and therefore entered an uninformed, unknowing, and involuntary plea agreement directly contradicts his testimony at his guilty plea hearing for CC # 2011-00990. Among other things, Appellant testified that defense counsel explained to him the nature of the charges Appellant faced and the elements that the Commonwealth would have to prove and that along with counsel he had read and answered all sixty-eight questions contained in the plea colloquy honestly. In that colloquy, which was incorporated into the record, Appellant indicated, *inter alia*, that he had discussed with counsel the factual basis of each charged offense. Appellant also testified that no one had forced, threatened or coerced him in any way with regard to his decision to plead guilty and that he was satisfied with the services that his attorney had provided.

Further, the Commonwealth presented a detailed summary of the facts that supported each charge in the criminal information. Appellant was asked to allocute and accept criminal responsibility for each charge. The Commonwealth went chronologically, charge by charge, and asked Appellant if he agreed with the facts as read. Appellant specifically, verbally acknowledged that the facts pertaining to counts 4-8, 19-21 and 23-30 were correct. When given the opportunity, Appellant stated he had no additions or corrections to the summary provided by the Commonwealth. … Appellant is bound by the statements he made during his plea colloquy and cannot assert

- 12 -

grounds for withdrawing the plea that contradict statements made when he pled.

(PCRA Court Opinion at 9-10) (internal citations, quotation marks, and footnotes omitted). The record supports the court's decision to deny relief on this claim. **See Ford, supra**; **Carr, supra**.

Regarding Appellant's fourth issue, Appellant did not present the precise ineffectiveness challenges, which he raises on appeal, in his *pro se* PCRA petition, response to the court's Rule 907 notice, or Rule 1925(b) statement. To the contrary, Appellant simply claimed in his *pro se* PCRA petition that counsel was ineffective for "failing to proceed with suppression hearing." (PCRA Petition, 3/2/12, at 3). Appellant made no reference whatsoever to this issue in his response to the court's Rule 907 notice. In his Rule 1925(b) statement, Appellant framed this claim as follows: "Trial counsel is in violation of the Appellant's 6th Amendment right to effective assistance of counsel of the U.S. Constitution and Article 1 § 9 of the Pa. Constitution for filing A Motion To Suppress Electronic Surveillance (namely wiretaps) in violation of Appellant's 4th Amendment of the U.S. Constitution, and Article 1 § 8 of the Pa. Constitution, which was granted by the [c]ourt and he failed to follow through with granted motion leading to an uninformed Plea Agreement." (Rule 1925(b) Statement, 4/24/13, at 2). Because Appellant failed to articulate the grounds he now asserts on appeal before the PCRA court, the PCRA court did not address Appellant's particular

complaints in its Rule 1925(a) opinion.[10]  Appellant's failure to preserve his fourth issue before the PCRA court constitutes waiver of this claim on appeal.  *See* Pa.R.A.P. 302(a); **Bond, supra**; **Commonwealth v. Hansley**, 24 A.3d 410 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (explaining appellant's concise statement must properly specify error to be addressed on appeal; concise statement which is too vague to allow court to identify issues raised on appeal is functional equivalent of no concise statement at all).[11]

In his fifth issue, Appellant argues his aggregate sentence of eleven (11) to twenty-two (22) years' imprisonment exceeds the statutory maximum sentence for a drug trafficking conviction.  Appellant also insists the Commonwealth failed to prove beyond a reasonable doubt the quantity of drugs at issue for his conviction at count 24 of docket # 2011-00990, which subjected him to a mandatory minimum sentence under 18 Pa.C.S.A.

---

[10] In an attempt to decipher Appellant's ineffectiveness claim as presented in his Rule 1925(b) statement, the PCRA court explained: "Appellant presents an ineffective assistance of counsel claim which, while ambiguously worded, appears to assert that defense counsel was ineffective for failing to proceed with a granted suppression motion.  Appellant's premise is incorrect. Defense counsel did proceed, if unsuccessfully, with a Motion to Suppress at CC # 2008-15955 which is the only case that involved a warrantless search. The investigation into the charges filed in CC # 2011-00990 utilized electronic surveillance through wireless phone taps and video surveillance." (PCRA Court Opinion at 11) (internal footnote omitted).

[11] Moreover, Appellant indicated he understood that, by pleading guilty, he was giving up the right to file pretrial motions or pursue any previously filed. (**See** Written Guilty Plea Colloquy, 7/18/11, at 4.)

§ 7508(a)(3)(iii) (stating mandatory minimum sentence for defendant convicted of PWID (cocaine) where aggregate weight of cocaine is at least one hundred grams is four years' imprisonment). Appellant further maintains the court improperly used Appellant's PWID conviction at count 24, as a basis to impose an enhanced sentence at count 29 on the same docket. **See id.** (stating mandatory minimum sentence for defendant convicted of PWID (cocaine) where aggregate weight of cocaine is at least one hundred grams and offender has prior conviction for drug trafficking offense is seven years' imprisonment). For these reasons, Appellant concludes his sentence is illegal and this Court must remand for re-sentencing. We disagree.[12]

Our standard of review is as follows:

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review

_____

[12] Appellant also argues the court failed to state its sentencing rationale on the record in violation of 42 Pa.C.S.A. § 9721(b) (discussing general standards for sentencing). Appellant's claim implicates the discretionary aspects of sentencing and is not cognizable under the PCRA. **See Commonwealth v. Bromley**, 862 A.2d 598 (Pa.Super. 2004), *cert. denied*, 546 U.S. 1095, 126 S.Ct. 1089, 163 L.Ed.2d 863 (2006) (explaining claim that court failed to state reasons on record for sentence challenges discretionary aspects of sentencing). **See also Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (stating challenges to discretionary aspects of sentencing are not cognizable under PCRA). Thus, we give this particular argument no further attention.

over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa.Super. 2012), *appeal denied*, 617 Pa. 629, 53 A.3d 756 (2012) (quoting ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa.Super. 2009)). Further, a claim that a sentence exceeds the statutory maximum falls within the narrow class of cases implicating the legality of the sentence. ***Commonwealth v. Watley***, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), *appeal denied*, ___ Pa. ___, 95 A.3d 277 (2014). This Court can raise *sua sponte* claims implicating the legality of a sentence. ***Id.***

The statutory maximum penalty for a PWID or delivery of a controlled substance conviction involving the sale of cocaine is ten years' imprisonment. 35 P.S. § 780-113(f)(1.1).[13] Additionally, Section 7508(a)(3)(iii) sets forth a mandatory minimum sentence of four years' imprisonment where a defendant is convicted of PWID or delivery of a controlled substance involving at least 100 grams of cocaine. ***See*** 18 Pa.C.S.A. § 7508(a)(3)(iii). If, at the time of sentencing, the defendant has been convicted of another drug trafficking offense, the mandatory minimum for PWID or delivery of a controlled substance involving at least 100 grams of cocaine is seven years' imprisonment. 18 Pa.C.S.A. § 7508(a)(3)(iii). For

_____

[13] Appellant incorrectly states that the statutory maximum at issue here is fifteen years' imprisonment.

purposes of Section 7508, "it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act…whether or not judgment of sentence has been imposed concerning that offense." 18 Pa.C.S.A. § 7508(a.1).

Section 7508 "is unambiguous, and clearly requires that as long as at the time of sentencing, a defendant has been convicted of another qualifying offense, the defendant shall receive the enhanced sentence." **Commonwealth v Vasquez**, 562 Pa. 120, 124, 753 A.2d 807, 809 (2000) (internal quotation marks and emphasis omitted). "A person who pleads guilty to multiple drug trafficking counts in a consolidated proceeding acquires multiple convictions. When that person then proceeds to sentencing, the enhanced penalty language [in Section 7508] applies precisely because the person already has other convictions." **Commonwealth v. Rush**, 959 A.2d 945, 950 (Pa.Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009). **See also Vasquez, supra** at 123, 753 A.2d at 809 (holding where defendant pled guilty to multiple drug trafficking counts contained within same criminal information, each conviction counted as prior drug trafficking conviction to apply enhancement provision per Section 7508; "it is irrelevant that the prior conviction arises from one count within a multiple count complaint, or that the offenses are

from a single arrest and charge").

Pursuant to Section 7508(b), provisions of the section shall not be an element of the crime; and applicability of the statute shall be determined by the court at sentencing by a preponderance of the evidence. 18 Pa.C.S.A. § 7508(b). Recently, in **Commonwealth v. Newman**, ___ A.3d ___, 2014 WL 4088805 (Pa.Super. Aug. 20, 2014), an *en banc* panel of this Court addressed the constitutionality of a mandatory minimum statute containing language similar to Section 7508(b). In **Newman**, a jury convicted the defendant of PWID and other drug related offenses. The court sentenced Appellant to five to ten years' imprisonment, specifically imposing a mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 (mandating five year minimum sentence for defendant convicted of PWID when at time of offense defendant was in physical possession or control of firearm, or firearm was in close proximity to drugs). Similar to Section 7508(b), Section 9712.1 contains a subsection explaining that provisions of Section 9712.1 shall not be an element of the crime; and applicability of the statute shall be determined by the court at sentencing by a preponderance of the evidence. **See** 42 Pa.C.S.A. § 9712.1(c). This Court analyzed whether Newman's mandatory minimum sentence was constitutional in light of the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court held that any fact increasing the mandatory minimum sentence for a crime is

considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *Id.*[14]

Relying on *Alleyne*, this Court held that Section 9712.1 can no longer past constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Newman, supra* at *10. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1. This Court made clear, however, that *Alleyne* is subject to limited retroactivity; in other words, *Alleyne* is applicable to all criminal cases still pending on direct review. *Id.* at *2. Because Newman's case was still pending on direct appeal when the United States Supreme Court announced *Alleyne*, the holding in *Alleyne* applied to Newman's case.

Instantly, on March 15, 2011, Appellant entered a negotiated guilty plea at docket # 2008-15955 to one count of PWID, and related offenses.

---

[14] On August 14, 2014, Appellant filed a *pro se* motion requesting this Court to consider *Alleyne* and its progeny when deciding Appellant's appeal. We grant Appellant's motion for consideration of *Alleyne*. Nevertheless, to the extent Appellant wants to include post-submission filings, we deny Appellant's motion as moot based on our disposition. Regarding Appellant's request for an updated copy of his docketing statement, we deny that portion of his motion without prejudice to Appellant's right to seek an updated copy of the docket entries from the PCRA court.

The court deferred sentencing. On July 18, 2011, Appellant entered a negotiated guilty plea at docket # 2011-04395, to two counts of PWID; and at docket # 2011-00990, to eight counts of PWID, thirteen counts of delivery of a controlled substance, and related offenses. After accepting Appellant's plea as knowing, intelligent and voluntary, the court sentenced Appellant for his convictions at all three dockets. The court imposed the following sentencing scheme: at docket # 2011-00990, four (4) to eight (8) years' imprisonment for Appellant's PWID conviction at count 24; a consecutive term of seven (7) to fourteen (14) years' imprisonment for Appellant's PWID conviction at count 29; a concurrent term of five (5) to ten (10) years' imprisonment for Appellant's delivery of a controlled substance conviction at count 16; and a term of three (3) months' probation for Appellant's delivery of a controlled substance conviction at count 22; at docket # 2008-15955, two (2) to six (6) years' imprisonment for Appellant's PWID conviction at count 2, concurrent to Appellant's sentence at docket 2011-00990; at docket # 2011-04395, five (5) to ten (10) years' imprisonment for Appellant's PWID conviction at count 3, concurrent to Appellant's sentence at docket # 2011-00990. Additionally, the court imposed a provision of restitution. Appellant received no further penalty for the remainder of his convictions. Thus, the court sentenced Appellant to an aggregate term of eleven (11) to twenty-two (22) years' imprisonment, plus three (3) months' probation, and an order of restitution.

Regarding Appellant's complaint that the court sentenced him beyond the statutory maximum for his drug trafficking convictions, the statutory maximum for **each** of Appellant's PWID and delivery of a controlled substance convictions is ten (10) years' imprisonment. *See* 35 P.S. § 780-113(f)(1.1). Appellant pled guilty at all three dockets to eleven counts of PWID and thirteen counts of delivery of a controlled substance. Accordingly, the court could have imposed an aggregate maximum sentence of more than two hundred years' imprisonment for Appellant's drug trafficking convictions. Therefore, the court did not exceed the statutory maximum in fashioning its sentence.

Concerning Appellant's claim that the Commonwealth failed to prove the quantity of drugs at issue for his conviction at count 24 of docket # 2011-00990, our review of the July 18, 2011 proceeding shows Appellant's negotiated plea agreement included imposition of the four year mandatory minimum under Section 7508(a)(3)(iii). (*See* Guilty Plea/Sentencing Hearing, 7/18/11, at 26.) Significantly, Appellant **admitted** at the time of his guilty plea to the quantity of drugs he possessed. Specifically, the Commonwealth presented a detailed summary in support of each charge in the criminal information at docket # 2011-00990. The Commonwealth asked Appellant to allocute and accept responsibility for certain facts relative to several counts at that docket, including count 24. The Commonwealth stated: "[A]s it pertains to Count 24 of the information, [Appellant] bought

one kilogram of cocaine from a courier at the Wal-Mart parking lot in North Versailles for $34,500…" (**Id.** at 20). Appellant expressly agreed to the factual summary and, when given the opportunity to do so, he provided no additions or corrections to the Commonwealth's recitation. (**See id.** at 20, 23.) Thus, Appellant pled guilty at count 24 to PWID involving 1,000 grams of cocaine.

Under these facts, this Court's decision in **Newman** is not dispositive. First, Appellant's conviction at count 24 was pursuant to a negotiated guilty plea which included imposition of the mandatory minimum sentence, at which time Appellant expressly admitted to PWID involving over 100 grams of cocaine. Second, **Newman** involved an analysis of a different statute and limited its holding to the constitutionality of Section 9712.1, which is not at issue here. Third, **Newman** made clear retro-application of **Alleyne** is limited to cases pending on direct appeal. Appellant's appeal, however, arises from the denial of a PCRA petition. Appellant's case was no longer pending on direct appeal when the Court announced its decision in **Alleyne**. **Compare Newman, supra**. Further, nothing in **Alleyne** suggests it applies to a negotiated guilty plea where the defendant expressly admitted the fact necessary for imposition of the mandatory minimum sentence. **See Alleyne, supra**. For these reasons, we see no issue implicating the legality of Appellant's sentence at count 24 based on **Alleyne** or **Newman**.

With respect to Appellant's contention that he had no prior drug

- 22 -

trafficking convictions to justify an enhanced sentence at count 29 of docket # 2011-00990, the record makes clear Appellant had twenty-four PWID/delivery of a controlled substance convictions at the time of his July 18, 2011 sentencing, as a result of his guilty pleas at all three dockets. Contrary to Appellant's contention, nothing in the record demonstrates the court used Appellant's conviction at count 24 to enhance his sentence at count 29. In any event, the court could have used any of the drug trafficking convictions at any of the three dockets to enhance Appellant's sentence at count 29. *See Vasquez, supra*; *Rush, supra*. Consequently, Appellant's claim that his sentence enhancement at count 29 was illegal lacks merit. *See Vasquez, supra*.[15]

_____

[15] The *Alleyne* Court made clear its holding did not apply to the fact of a prior conviction. *Alleyne, supra* at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. Thus, we see no *Alleyne* problem related to the sentencing enhancement provision of Section 7508(a)(3)(iii) based on a prior drug trafficking conviction. Regarding the portion of Section 7508(a)(3)(iii) that relates to the weight of cocaine, as to count 29, Appellant's negotiated plea agreement included imposition of the mandatory seven-year sentence. (*See* Guilty Plea/Sentencing Hearing, 7/18/11, at 26.) Furthermore, Appellant expressly indicated that he had purchased one kilogram of cocaine from "Moe" on August 14, 2010, in exchange for $34,000.00. (*See id.* at 21-22.) For the reasons discussed regarding count 24, we see no issue related to the legality of Appellant's sentence at count 29 relative to the weight of the drugs based on *Alleyne* or *Newman*.

Additionally, we observe the court imposed concurrent mandatory minimum sentences per Section 7508 of five years' imprisonment for each of Appellant's convictions at count 16 on docket # 2011-00990, and count 3 on docket # 2011-04395. *See* 18 Pa.C.S.A. § 7508(a)(3)(ii) (stating mandatory minimum sentence for defendant convicted of PWID (cocaine)

*(Footnote Continued Next Page)*

In his sixth issue, Appellant argues his negotiated plea agreement did not include an agreement that Appellant pay restitution. Appellant complains he did not receive the benefit of his bargain due to the restitution provision, rendering this portion of his sentence illegal. We agree with Appellant's position.

"Challenges to the appropriateness of a sentence of restitution are generally considered challenges to the legality of the sentence." ***Commonwealth v. Langston***, 904 A.2d 917, 921 (Pa.Super. 2006). Section 1106 of the Crimes Code governs orders of restitution, in pertinent part, as follows:

### § 1106. Restitution for injuries to person or property

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

*(Footnote Continued)* ───────────────

where aggregate weight of cocaine is at least ten grams and less than 100 grams and offender has prior conviction for drug trafficking offense is five years' imprisonment). Appellant's negotiated plea agreement included imposition of these mandatory minimum sentences as well; and Appellant made no additions or corrections to the Commonwealth's factual summary as to the quantity of drugs relative to these charges. (***See*** Guilty Plea/Sentencing Hearing, 7/18/11, at 18; 26.) For the reasons discussed regarding count 24, we see no issue related to the legality of these sentences relative to the weight of drugs, based on ***Alleyne*** or ***Newman***. We have already decided there is no ***Alleyne*** problem as to the sentencing enhancement portion of these mandatory minimum sentences, based on a prior conviction. ***See Alleyne, supra***.

18 Pa.C.S.A § 1106(a). The statute refers to the Crimes Victims Act for the definition of "victim" for purposes of Section 1106. **See** 18 Pa.C.S.A. § 1106(h).[16] The Crime Victims Act defines "victim" as:

> (1)  A direct victim.
>
> (2)  A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.
>
> (3)  A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:
>
>> Chapter 25 (relating to criminal homicide).
>>
>> Section 2702 (relating to aggravated assault).
>>
>> Section 3121 (relating to rape).
>
> (4) A family member of a homicide victim including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 Pa.C.S.A. § 11.103.

Importantly, "the Commonwealth…does not qualify as a victim as that term is defined in [Section] 1106." **Commonwealth v. Boyd**, 835 A.2d 812, 819 (Pa.Super. 2003). Thus, the Commonwealth cannot recover **as**

_____

[16] Section 1106(h) relies on the definition of "victim" set forth in Section 479.1 of the Act of April 9, 1929 (P.L. 177, No. 175), known as the Administrative Code of 1929 (repealed; now codified at 18 Pa.C.S.A. § 11.101 *et seq.*, known as the "Crime Victims Act").

**restitution** from a defendant "buy money" used in a controlled drug transaction. ***See id.*** (holding Commonwealth is not "victim" as defined in Section 1106, so Commonwealth cannot recover as restitution buy money obtained by defendant as result of controlled buy; vacating portion of sentence ordering defendant to pay restitution to Commonwealth).

Nevertheless, "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 Pa.C.S.A. § 1403. This Court has stated:

> In that the district attorney is the chief law enforcement officer of a county, …when a drug buy is arranged by police officers, these officers are proceeding in accordance with general directives from the district attorney of that county. Consequently, we find that buy money expended by officers in furtherance of their investigation and apprehension of persons suspected of crime are reasonable costs of prosecution within the purview of § 1403, if such funds are not recovered by drug enforcement officers prior to the time of sentencing.

***Commonwealth v. Smith***, 901 A.2d 1030, 1032-33 (Pa.Super. 2006), *appeal denied*, 590 Pa. 667, 912 A.2d 837 (2006). Therefore, buy money used in a controlled drug transaction cannot be recovered under a restitution order, but it can be recovered as a reasonable cost of prosecution. ***Id.***

Additionally, with respect to plea agreements, "[w]hen counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the

agreement…." Pa.R.Crim.P. 590(B)(1).

> [T]he guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system. The disposition of criminal charges by agreement between the prosecutor and the accused, …is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.
>
> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1190-91 (Pa.Super. 2010), *appeal denied*, 608 Pa. 634, 9 A.3d 626 (2010) (internal citations and quotation marks omitted).

Instantly, the parties agreed to a negotiated aggregate sentence of eleven (11) to twenty-two (22) years' imprisonment in exchange for Appellant's guilty plea to numerous offenses at three dockets. Appellant's negotiated plea agreement did not contain a provision for restitution. After the court accepted Appellant's plea, the Commonwealth stated it was also seeking an order of restitution to recover buy money it had expended during controlled drug buys between Appellant and a confidential informant, which formed the bases for some of Appellant's convictions. The court sentenced Appellant to the negotiated term of imprisonment and also granted the Commonwealth's request for restitution.

The court's imposition of restitution under these facts was improper for two reasons. First, the record makes clear the parties did not agree to a restitution provision as part of the negotiated plea agreement. Once the court accepted the negotiated plea, the court was obligated to impose the agreed-upon sentencing terms. The court, however, tacked onto Appellant's sentence a restitution provision at the Commonwealth's request. Thus, in this regard Appellant did not receive the benefit of his bargain at sentencing. *See id.*

Second, and perhaps more important, the Commonwealth does not qualify as a "victim" under Section 1106 and cannot recover buy money through a restitution order. *See* 18 Pa.C.S.A. § 11.103; *Boyd, supra*. Therefore, the court's order directing Appellant to pay restitution to the Commonwealth for buy money constitutes an illegal sentence, requiring remand. Upon remand, the court can restructure the sentencing order so the Commonwealth can recoup its buy money as a "cost of prosecution." *See* 16 Pa.C.S.A. § 1403; *Smith, supra* (affirming PCRA court's order requiring defendant to pay buy money to Commonwealth as cost of prosecution). Accordingly, we affirm the order denying PCRA relief in part, reverse it in part, and remand for resentencing only as to the portion of Appellant's sentence imposing restitution.

Order affirmed in part; reversed in part; case remanded for resentencing. Jurisdiction is relinquished.

- 28 -

Judge Allen joins this memorandum.

Judge Stabile concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2014