J-S13039-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR PHILLIPS, | : | |
| | : | |
| Appellant | : | No. 1368 WDA 2018 |

Appeal from the PCRA Order Entered August 21, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002048-2013

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            FILED MAY 21, 2019

Arthur Phillips (Appellant) appeals from the order entered August 21, 2018, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial in February 2014, Appellant was found guilty of robbery, aggravated assault, criminal conspiracy, and flight to avoid apprehension.  The trial court sentenced Appellant to an aggregate term of 14 to 28 years of incarceration.  Appellant appealed, and this Court affirmed in part and reversed in part Appellant's judgment of sentence.  Specifically, this Court reversed Appellant's conviction for flight to avoid apprehension and remanded the case for resentencing.  Commonwealth v. Phillips, 129 A.3d 513 (Pa. Super. 2015).  Upon resentencing, the trial court sentenced Appellant to an aggregate term of 11 to 22 years of incarceration.  On

_____

* Retired Senior Judge assigned to the Superior Court.

January 31, 2017, this Court affirmed the judgment of sentence, Commonwealth v. Phillips, 160 A.3d 273 (Pa. Super. 2017) (unpublished memorandum at 1-2), and on June 28, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. Commonwealth v. Phillips, 169 A.3d 1024 (Pa. 2017).

On February 15, 2018, Appellant timely filed pro se his first PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on May 29, 2018, alleging that the Commonwealth offered a plea agreement to Appellant's trial counsel, but trial counsel failed to communicate it to Appellant. The Commonwealth responded, and the PCRA court conducted an evidentiary hearing on August 6 and August 21, 2018.

The PCRA court heard testimony from three witnesses: Rachel Fleming, Esquire, the prosecuting attorney at Appellant's trial; Rhiannon Sisk, Esquire, Appellant's trial counsel; and Appellant. Attorney Fleming testified that she did not have any recollection of discussing with Attorney Sisk a possible negotiated plea agreement prior to trial. N.T., 8/6/2018, at 10. Further, she testified that she had reviewed the case file, which contained her notes in their entirety, and it did not have any indication of or reference to a formal or potential plea offer. Id. at 10-12. According to Attorney Fleming, it is her ordinary practice to make a note of any plea offers, to run formal plea offers by victims before making an offer, and to include any such information in the case file. Id. at 13. In this case, there was nothing in the file to so indicate. Id.

- 2 -

Attorney Sisk's testimony corroborated this. She testified that the Commonwealth never offered Appellant a formal plea bargain. N.T., 8/21/2018, at 8, 10. In addition, according to Attorney Sisk, Appellant told her that he was not interested in hearing any potential plea bargains. Attorney Sisk confirmed that, had there been an offer, she would have fulfilled her obligation to communicate the offer to Appellant, despite his expressed lack of interest. Id. She explained as follows.

> I had spoken with [Appellant] and I had told him that if we could get an offer of [7½] to 15 years, that would be a blessing in this case and that he should consider it if I could get it. He told me that was not really acceptable.
>
> But I did go ahead and speak with [Attorney] Fleming about whether she would be willing to offer that. She said that she was not willing at that time.
>
> This was in the jury room, right before we began picking the jury.
>
> She told me that she would discuss it with her victim if I was certain that [Appellant] would take it. And so I did convey that to [Appellant] again, and he was not willing to accept that amount of time. And so it did not go any further than that.

Id. at 9-10.

Appellant testified that Attorney Sisk did not discuss with him any potential plea offer, did not ask Appellant if he was interested in exploring one, and Appellant did not ask Attorney Sisk to do so. N.T., 8/6/2018, at 17. According to Appellant, Attorneys Fleming and Sisk had an informal discussion about Appellant's pleading guilty in exchange for an aggregate sentence of 7½ to 15 years of incarceration, but Attorney Sisk did not

communicate that to him before trial. Id. at 19-21. In any event, Appellant testified that he would not have accepted such an offer, but would have used it as a starting point for negotiations to get a lesser sentence. Id.

At the conclusion of the hearing, the PCRA court denied Appellant's petition from the bench, and entered its order that same day. N.T., 8/21/2018, at 15; Order, 8/21/2018. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the PCRA court's denial of his amended PCRA petition by arguing that trial counsel never communicated the Commonwealth's purported plea offer of an aggregate sentence of 7½ to 15 years of incarceration, and if she had, he would have accepted it. Appellant's Brief at 11-12.[1]

_____

[1] We note that the issue raised in Appellant's statement of the question involved and his Pa.R.A.P. 1925(b) statement is worded confusingly because it refers to a plea inducement, but Appellant did not plead guilty. See Appellant's Brief at 3 ("Did the [PCRA] court err in denying Appellant's PCRA petition since trial court erred in finding Appellant's [trial counsel] effective despite Appellant's testimony that his plea was unlawfully induced?"); Rule 1925(b) Statement, 10/11/2018, at 4 ("Did the [PCRA] court err in dismissing the amended [PCRA] petition, by erring in finding trial counsel effective, despite her inducement of the Appellant's plea by her failure to conduct plea negotiations?").

In its Rule 1925(a) opinion, the PCRA court addressed the issue of whether "trial counsel rendered ineffective assistance of counsel because she did not convey a plea offer made by the Commonwealth to him," which is consistent with the claim asserted in Appellant's amended PCRA petition, at the PCRA hearing, and argued in his appellate brief's argument section. See Rule 1925(a) Opinion, 11/8/2018, at 2; Amended PCRA Petition, 5/29/2018,

(Footnote Continued Next Page)

- 4 -

We review such claims using the following standard.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

Commonwealth v. Perry, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

"[C]ounsel is presumed to be effective, and the petitioner bears the

burden of proving to the contrary." Commonwealth v. Brown, 196 A.3d

130, 150 (Pa. 2018).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and

(Footnote Continued) ————————

at 11-12; see generally N.T., 8/6/2018 and 8/21/2018; Appellant's Brief at 11-12.

Furthermore, Appellant's brief does not contain a statement of the case in violation of Pa.R.A.P. 2111(a)(5). The Commonwealth noted these deficiencies in its brief but addressed the merits of whether Appellant's trial counsel was ineffective in failing to communicate a plea offer to Appellant. See Commonwealth's Brief at 8 n.10. While we could find waiver, we decline to do so. "[B]ecause we are able to extract [Appellant's] question[] from the body of his brief, we proceed to the merits of his claim[]." See Commonwealth v. Bell, 901 A.2d 1033, 1034 (Pa. Super. 2006).

proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

Commonwealth v. Johnson, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant," and counsel's failure to fulfill this duty may establish a claim of ineffectiveness of counsel. Commonwealth v. Hernandez, 79 A.3d 649, 653 (Pa. Super. 2013), citing Missouri v. Frye, 566 U.S. 134, 145 (2012).

In denying Appellant's petition, the PCRA court credited the testimony of Attorneys Fleming and Sisk over Appellant's in determining that the Commonwealth never made a formal plea offer. PCRA Court Opinion, 11/8/2018, at 4-5. In fact, the court noted that Appellant's "own testimony did not support the conclusion that such a formal plea offer was made." Id. at 4. "A PCRA court's credibility findings are to be accorded great deference," and, if the findings are supported by the record, they are binding upon a reviewing court. Commonwealth v. Orlando, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). Based upon the testimony of the prosecutor and Appellant's trial counsel, as well as the PCRA court's

credibility finding, we discern no abuse of discretion in the PCRA court's conclusion that Attorney Sisk could not be ineffective for failing to communicate a plea offer to Appellant where no formal plea offer was ever made.

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating trial counsel's ineffectiveness. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019